WILSON *v.* GODKIN.

TRIAL—EVIDENCE—WITNESSES—EXAMINATION—OBJECTIONS TO TESTIMONY—QUESTIONS RAISED.

An objection to a question as to the value of services, on the ground that it is "incompetent and immaterial," does not raise any objection to the competency of the witness to answer the question.

Error to Bay; Shepard, J. Submitted December 8, 1905. (Docket No. 177.) Decided January 23, 1906.

Assumpsit by Ira Wilson against John Godkin for work and labor. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Lee E. Joslyn,* for appellant.

*A. H. McMillan* (*F. W. Newton,* of counsel), for appellee.

GRANT, J. This case is before us for the second time.

See 136 Mich. 106. The contract between the parties and the issues involved are there fully stated. The case was reversed, and a new trial had. The court instructed the jury fully and fairly in accordance with that opinion, and a verdict, for the third time, resulted for the plaintiff for $29.32.

We find no error in the instruction of the court, or in the refusals to give any of the requests preferred on behalf of the defendant. The deduction of railroad fare and the price of the six days' labor was made under the direction of the court in accordance with our former decision; plaintiff admitting that he had voluntarily abandoned his contract without cause. .

Error is assigned upon the admission of testimony by the plaintiff of a conversation prior to the execution of the written contract in regard to his employment as engineer. An examination of the record discloses the fact that plaintiff offered no such testimony. He was asked, and gave testimony on direct examination, only in regard to an agreement made after the execution of the written one. The only testimony of a prior conversation was brought out by the defendant on plaintiff's cross-examination; and the defendant asked no instruction to be given to the jury upon the subject.

Error is assigned upon the admission of the question to the plaintiff: " What was the value of your service as engineer in Mr. Godkin's mill per day ? "— the objection being that it was "incompetent and immaterial." It is now urged that the plaintiff had not shown sufficient knowledge of the value of such survices to make his testimony admissible. No such objection was made in the court below. The objection that the question was incompetent did not relate to the competency of the witness to testify, but to the competency of the subject-matter inquired about.

We find no error upon the record, and the judgment is affirmed.

McALVAY, BLAIR, HOOKER, and MOORE, JJ., concurred.