(96 South. 228)

## BAIN v. CULBERT. (8 Div. 549.)

(Supreme Court of Alabama. April 26, 1923.)

**I. Bailment ⬤�señ30—General allegation of bailor's negligence sufficient.**

A general averment of the negligent breach of duty by a bailor is sufficient in an action or count in case for the damage proximately resulting from the loss of the property bailed.

**2. Bailment ⬤�señ31(I)—Negligence imputed for bailor's failure to return property.**

Negligence is imputed to a bailor who, on demand, fails to deliver the subject of the bailment or to account for his failure to deliver.

**3. Bailment ⬤�señ12—Gratuitous bailee liable only for gross negligence or bad faith.**

A gratuitous bailee is liable only for gross negligence or bad faith.

**4. Bailment ⬤�señ2—Not gratuitous if made in expectation of benefits.**

A bailment is lucrative, not gratuitous, if made at the instance or the invitation of the bailor because of expected benefits, direct or contingent.

**5. Bailment ⬤�señ33—Evidence held to make question for jury whether bailment was gratuitous or for reward.**

Evidence that plaintiff took his seed cotton to defendant's public gin for the purpose of having it ginned and baled, and the baling, not having been completed at nightfall, left the cotton, and that the cotton mysteriously disappeared, held to make for the jury a question whether the bailment was gratuitous or for reward; the undisputed testimony showing that, though the public ginnery was operated for a reward, no charge was exacted for storing or keeping cotton, baled by the ginnery, on the premises.

**6. Appeal and error ⬤�señ1064(1)—Bailment ⬤�señ 12—Instruction that gratuitous bailee must use ordinary care, prejudicial error.**

An instruction that a gratuitous bailee of property is charged with the duty of using ordinary diligence in the care of said property is a misstatement of the law, the measure of care or diligence required of such bailee being slight, not ordinary, and such a charge is prejudicial to defendant where the conflicting evidence made the question of gratuitous bailment one for the jury.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by Ed Culbert against W. N. Bain. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, section 6. Reversed and remanded.

Counts 3 and 4 of the complaint are as follows:

"3. The plaintiff claims of the defendant the further and other sum of $250 damages for this: That the defendant, on the 1st day of October, 1919, and for the following fall thereafter, operated a cotton gin in Marshall county, Ala., and ginned cotton for the public, and plaintiff as a customer of said defendant carried one bale of cotton to his said gin, to be ginned, and said cotton was ginned by defendant on said day for hire or toll and was left in defendant's possession at his said gin at the request of defendant, and a short time thereafter plaintiff demanded said cotton of defendant and defendant failed or refused to deliver said cotton to plaintiff; that said cotton has by the negligence of defendant, been lost or destroyed to plaintiff, claiming that same had been lost, carried away, or stolen by some one, and defendant has never received said bale of cotton, and said bale of cotton is a total loss to plaintiff.

"4. The plaintiff claims of the defendant the sum of $250, damages for this that the defendant on October 1, 1919, and for the following fall thereafter operated a cotton gin in Marshall county, for hire or toll and ginned cotton for the public and plaintiff as a customer of said defendant's gin, carried one bale of cotton to defendant's gin to be ginned, and said cotton was ginned by defendant during said day and was left in defendant's possession at his said gin; that defendant negligently failed to enter the name of the owner of said cotton in his gin book and failed to mark said cotton after same was ginned, so it could be identified and failed to put the initial letters of the owner and failed to record said marks in his said gin book, and that, by reason of the omission, said cotton by said negligence of defendant said bale of cotton was lost, carried away or stolen so that said bale of cotton was a total loss to plaintiff."

Street & Bradford, of Guntersville, for appellant.

The negligent act must be averred in such a way as that defendant will be apprised of what he will be called upon to defend against, and in traversable form. 29 Cyc. 572; 21 R. C. L. 499. A gratuitous bailee is charged with only slight care. 3 R. C. L. 99; Prince v. Ala. St. Fair, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; 4 A. L. R. 1197; 6 C. J. 1125.

D. Isbell, of Guntersville, for appellee.

Count 3 states a good cause of action, and was not subject to demurrer. Hackney v. Perry, 152 Ala. 626, 44 South. 1029; So. Steam C. C. Co. v. Goldman, 17 Ala. App. 218, 84 South. 478; C. of Ga. v. Jones, 150 Ala. 379, 43 South. 575; Davis v. Hurt, 114 Ala. 146, 21 South. 468; Brickén v. Sikes, 14 Ala. App. 187, 68 South. 801; 3 R. C. L. 150; 6 C. J. 1155. A failure on the part of the bailee to deliver raises the presumption of negligence. Prince v. Ala. St. Fair, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; Moody v. Keener, 7 Port. 218; Seals v. Edmondson, 71 Ala. 509; So. Garage Co. v. Brown, 187 Ala. 484, 65 South. 400; 6 C. J. 1158. The charge given for plaintiff as to defendant's liability was correct. 2 Mayf. Dig. 348; Melbourne v. L. & N. R. Co.,

88 Ala. 443, 6 South. 762; Haynie v. Waring, 29 Ala. 263.

McCLELLAN, J. The appellee was accorded judgment against the appellant for damages for the loss of one bale of cotton belonging to appellee. The case was submitted to the jury upon the issues tendered by general traverse of the averments of counts 3 and 4 of the complaint only. Count 5 was excluded from the jury's consideration by general affirmative instruction given at appellant's instance. Counts 3 and 4 are reproduced in the report of the appeal. The court overruled appellant's demurrer to those counts.

[1, 2] The only ground of demurrer, which appellant insists, in brief on this appeal, was well taken to count 3, took the objection that the count, avowing the pleader's conclusion, was deficient in specification or description of the act or omission of defendant resulting in or causing the loss to plaintiff of the bale of cotton. Consideration here is confined to this, the only ground of demurrer sought to be supported in the brief for appellant. Count 3 undertook to declare upon the breach of duty arising from a bailment. This count is in case for negligence, a right of election of remedy he possessed. Davis v. Hurt, 114 Ala. 146, 150, 21 South. 468. Since, in the absence of special contract, a bailee who has had possession of the subject of a bailment may be justly assumed to have been so related to the chattel bailed as to be peculiarly advised of the circumstances attending its loss, and since negligence is prima facie imputed to a bailor who, on demand, fails to deliver the subject of the bailment or to account for the failure to make delivery, general averment of negligent breach of the bailor's duty in the premises will suffice in a count in case for the damage proximately resulting from the loss of the property bailed. Hackney v. Perry, 152 Ala. 626, 632, 634, 44 South. 1029; Davis v. Hurt, supra. The trial court did not err in the view, evidently entertained, that the ground of demurrer indicated was not well taken.

With respect to the fourth count, there is no sufficient insistence in brief upon any theory evinced by grounds of the demurrer to count 4. It is simply remarked in brief that this count attempted to state a cause of action under the act approved August 14, 1907 (Gen. Acts 1907, p. 650), providing regulations, with penalties, for the government of public ginners. Notwithstanding there was unnecessarily included in count 4 allegations referable to that act—thereby constituting such averments material to the statement of plaintiff's case and requiring their support, at least prima facie, in the proof—this count was, in nature and character, the same as count 3.

Late in the afternoon of October 1st the plaintiff took his seed cotton to defendant's public gin, for the purpose of having it ginned and bailed. The seed cotton was delivered to the defendant's ginnery. Darkness interrupted the process of baling, after the separation of seed from the lint was completed. The baling was completed the next or the second morning thereafter, and the bale was rolled out on the gin premises. The bale disappeared. No other explanation of its loss was shown than that it had disappeared.

[3-5] The undisputed evidence went to show that, though the public ginnery was operated for a reward, no charge was ever exacted for storing or keeping cotton, baled by the ginnery, on the premises. The plaintiff testified, in substance, that when the process was interrupted by darkness the defendant told him he would complete the baling the next or the second succeeding morning and that, upon defendant's proposal, he (the plaintiff) left the then uncompleted bale in the custody and care of defendant, who told plaintiff "that he would see after it as long as he [I] might want to leave it there." The defendant's testimony disputed that phase of plaintiff's evidence. According to plaintiff's stated version of the circumstances attending his leaving the bale on the ginyard—upon the defendant's proposal, made and accepted while the service for which he was to be compensated had not been completed—it could not be soundly affirmed, as a matter of law, that the defendant's relation was that of a gratuitous bailee; of which character of bailee only slight care or diligence, not ordinary care or diligence, is required for the preservation and restoration of the subject of the bailment. Prince v. Ala. State Fair, 106 Ala. 340, 344, 17 South. 449, 28 L. R. A. 716; Thomas v. Hackney, 192 Ala. 27, 29, 68 South. 296; Van Zile on Bailments (2d Ed.) §§ 32–35. Such a bailee is only liable for gross negligence or bad faith in the premises. Author, supra. Indeed, if the plaintiff's stated theory was accredited, the bailment was not gratuitous but lucrative. Prince's Case (supra), where it was aptly declared that, "if the bailment was made at the instance or on the invitation of the defendant, because of benefits, direct or contingent, it was expected would accrue," the bailment was not gratuitous. It is at least reasonably conceivable that the accession by plaintiff to the defendant's proposal (if made pending the process of ginning and bailing this cotton for a reward) that he would later complete the process and "see after" the cotton "as long as" plaintiff "might want to leave it" on the ginyard, conferred a benefit on the defendant. Prince's Case, supra.

[6] At the instance of the plaintiff the court gave this special instruction to the jury:

"A gratuitous bailee of property is charged with the duty of using ordinary diligence in the care of said property."

This instruction misstated the degree of care or diligence exacted of such bailees in this jurisdiction. It was erroneously given; the measure of care or diligence exacted being slight, not ordinary. Prince's Case, supra; Thomas v. Hackney, supra. Whether a bailment of a lucrative or of a gratuitous character was created in the circumstances disclosed by the conflicting evidence was a question for the jury to determine. It is manifest that the defendant was not due the general affirmative charge on any material issue in the case.

Since it is to be anticipated that before another trial count 4 will be reformed in the aspect it appears to aver violation of the cited act of 1907, it is not necessary to consider that only partial phase of the count.

For the error committed in giving the quoted special instruction at plaintiff's request, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.