(101 So. 843)

### HOLLINGSWORTH v. CORBIN.
### (7 Div. 509.)

(Supreme Court of Alabama.   Oct. 30, 1924.)

1. **Evidence ⬤⟿474(16)—Witness must have some means of knowledge before qualified to express opinion as to value.**

Witness must have some means of knowledge before he is qualified to express opinion as to value.

2. **Evidence ⬤⟿498½—Qualification and knowledge of witness as to value is question for court.**

Qualification and knowledge of witness as preliminary to expression of opinion as to value is question for court.

3. **Trial ⬤⟿84(2)—Objection to question as to value of plaintiff's services while incapacitated held not to raise question of competency of witness.**

Objection that question as to reasonable value of plaintiff's services at time he was incapacitated by defendant's assault was "incompetent, irrelevant, immaterial, and illegal" *held* not to raise question of competency of witness to testify as to value, and properly overruled.

4. **Evidence ⬤⟿473—Testimony by plaintiff's wife held admissible as statement of collective fact.**

In action for assault and battery, testimony by plaintiff's wife that one of defendant's party "choked me so I could not speak" *held* admissible as statement of collective fact.

5. **Assault and battery ⬤⟿43(1)—Trial ⬤⟿228 (1)—Instructions as to burden of proof and lack of animosity in defendant's mind held properly denied.**

Requested instructions as to burden of proof and as to right of recovery for assault, if there was no animosity in the mind of defendant, *held* elliptical, obscure, and confusing, and properly denied.

6. **Trial ⬤⟿253(4)—Instructions held properly denied as ignoring defendant's possible liability as aider and abettor.**

Instructions to find for defendant if he had no actual hand in cutting of plaintiff *held* properly denied, where defendant might have been answerable as having aided and abetted.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action for assault and battery by R. E. Corbin against John T. Hollingsworth. Judgment for plaintiff, and defendant appeals.

Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

Charges refused to defendant are as follows:

"(2) I charge you, gentlemen of the jury, that the burden of proof in this case is upon the plaintiff. I charge you that, if after considering the testimony you are of the opinion the weight is equally balanced, then you must find for the defendant.

"(3) I charge you gentlemen of the jury, that, if you consider the testimony of equal value, then you must find for the defendant.

"(4) I charge you, gentlemen, unless you believe from the evidence that there was animus in the mind of the defendant at the affray, you cannot find for the plaintiff, although you may believe that the defendant committed the assault.

"(5) I charge you, gentlemen of the jury, unless you are reasonably satisfied from the evidence that Earl Corbin did not cut the plaintiff, then you must find for the defendant.

"(6) I charge you, gentlemen of the jury, if you are reasonably satisfied from the evidence that Earl Corbin cut the plaintiff, then you must find for the defendant."

James A. Embry, of Ashville, and J. M. Miller, of Gadsden, for appellant.

Testimony by plaintiff as to the value of his services was improperly admitted; likewise as to evidence by plaintiff's wife that she was being choked. 5 Mayfield's Dig. 397. Defendant's requested charge should have been given. 3 Mayfield's Dig. 388, 433; Lehman v. McGueen, 65 Ala. 570; McWilliams v. Phillips, 71 Ala. 80; Shulman v. Brantley, 50 Ala. 81; Garrett v. Garrett's Adm'r, 64 Ala. 263.

W. J. Boykin, of Gadsden, for appellee.

There was no error in refusal of charges requested by defendant. Marbury Lbr. Co. v. Heinege, 204 Ala. 241, 85 So. 453; O'Brien v. B. R., L. & P. Co., 197 Ala. 97, 72 So. 343; B. R., L. & P. Co. v. Milbrat, 201 Ala. 368, 78 So. 224; Herring v. L. & N., 203 Ala. 136, 82 So. 166; A. G. S. v. Flinn, 199 Ala. 177, 74 So. 246; Shipp v. Ferguson, 202 Ala. 9, 79 So. 307; Kellar v. Jones & Weeden, 196 Ala. 417, 72 So. 89; B. R., L. & P. Co. v. Kyser, 203 Ala. 121, 82 So. 151.

SAYRE, J.   Corbin sued Hollingsworth on account of several incised wounds which the former had received in a mêlée between them and their respective families. The trouble started between the ladies of the two families, one of whom, on some occasion of more or less importance, called the other a liar. Hollingsworth defended on the ground that some one else, not he, had done the cutting. Corbin had judgment, and Hollingsworth appeals.

[1-3] Plaintiff is a farmer, and at the time of the difficulty was planting cotton. His

wounds put him out of business for about 30 days. As going to show in part the measure of his damages plaintiff's attorney was allowed to ask plaintiff, testifying as a witness, "What were your services reasonably worth per day at that time in your crop?" There was objection to the question "as incompetent, irrelevant, immaterial, and illegal." The objection now urged is that it was not shown that the witness knew anything of the value about which he was allowed to give his opinion. Indeed, the witness had just testified that he had no idea what his services on his farm in that neighborhood at that time were worth. Obviously a witness must have some means of knowledge before he is qualified to express an opinion as to value. Jones on Ev. (2d Ed.) § 363. But the qualification and knowledge of the witness, as a preliminary at least, was a question for the court. The record—the substance of which has been stated—shows an objection to the question, calling for an obviously relevant and material answer, not an objection to the competency of the witness. We are unable, therefore, to affirm reversible error of the court's ruling. Wilson v. Godkin, 142 Mich. 631, 105 N. W. 1121.

[4] The evidence disclosed the fact that at the time when plaintiff was being cut Rosella Corbin—a sister-in-law of plaintiff, but consorting with his adversaries—had Bertha Corbin, plaintiff's wife, down. Plaintiff's wife, as a witness, was allowed to say: "She choked me so that I could not speak." This was the statement of a collective fact, and was admitted without error. 22 C. J. 531, whereunder (page 532) many Alabama cases on the subject are cited.

[5, 6] There was no error in refusing the charges requested by defendant. Charges 2, 3, and 4 were elliptical, obscure, and confusing. Charges 5 and 6 were misconceived for the reason that, even though defendant had no hand in the actual cutting, he may have been answerable therefor as having aided and abetted the same, or, in any event, that he did assault and beat plaintiff without more, that is, without cutting him.

No reversible error having appeared, the judgment of the trial court must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.