160 So. 700

**PRYOR et al. v. LIMESTONE COUNTY.**

8 Div. 588.

Supreme Court of Alabama.

March 21, 1935.

Rehearing Denied April 25, 1935.

E. W. Godbey, of Decatur, for appellants.

R. B. Patton, of Athens, for appellee.

GARDNER, Justice.

This is a condemnation proceeding for highway purposes by Limestone county

against the owner of a tract of land consisting of 3,200 acres; the sole question at issue being the matter of compensation.

The contentions of the respective parties were stated on former appeal (Pryor v. Limestone County, 222 Ala. 621, 134 So. 17), and will not be here repeated. Nothing on the second appeal (Pryor v. Limestone County, 225 Ala. 540, 144 So. 18) is of interest on this.

■■■ Much stress is here laid on the exception reserved to a portion of the oral charge of the court, and it is insisted the language used is subject to such a construction as would deprive the owners of the value of the acreage (fraction over 2½ acres) actually taken.

We concede that, standing alone and disconnected from the charge as a whole, this language strictly interpreted may be so construed. To say the least, it is confusing in this respect. But it must be here considered in connection with the entire charge, and, so considered, we are persuaded the jury was not misled thereby. Only a few sentences following, the court, in stating the contentions of the parties, made clear these defendants' position that "the land at least was worth no more after the improvement than it was before; and they contend that that being true, they are damaged at least to the extent of the value of the property that was actually taken and devoted to it, two and a fraction acres." Later on, instructing the jury as to the land actually taken, they are told to ascertain its value, and then proceed as to the remaining lands to ascertain whether or not they had been damaged, and that, if they are "reasonably satisfied from all the evidence in the case, that the lands received no benefit by virtue of the improvement, then the land owners here would be entitled to recover what you are reasonably satisfied from the evidence that two and a fraction acres were worth at that time, and if there was any damage to the rest of it, whatever that was." The jury, we conclude, very clearly understood the issues upon which they were to pass, and were not misled by what may be properly termed a mere lapse of language in a single paragraph of the oral charge, which, considered as a whole, was clear enough. Reversible error cannot, therefore, be rested upon this exception.

■■■ One Smith, witness for plaintiff, estimated the reasonable market value of the land had been increased $5 per acre by reason of the improved paved highway. He was one of the commissioners appointed by the probate court to examine and pass upon this land; had bought and sold lands in Limestone county; and owned "considerable farm lands" in that county, and was "fairly familiar" with market values of land in 1928, and knew this particular farm. His qualification to express an opinion as to any enhancement in value was not questioned on his direct examination. But defendants, at the conclusion of his cross-examination, moved to exclude the witness's estimate as rested upon an improper basis. We find nothing in the cross-examination that would justify such exclusion. Very naturally the witness considered the fact that the paved highway through this property also extended as such both north and south, and did not, of consequence, rest his opinion upon the improved highway by the property, separate and distinct from its connection as a highway north and south. But we need not further pursue this assignment. The qualification of the witness' to express his opinion was primarily a question for the trial court (Hollingsworth v. Corbin, 212 Ala. 104, 101 So. 843; Dersis v. Dersis, 210 Ala. 308, 98 So. 27; Tucker v. Houston, 216 Ala. 43, 112 So. 360), and we find nothing upon which the ruling in this regard should be here disturbed.

Like observations are applicable as to the motion to exclude the testimony of the witness Nelson.

■ It was held on the first appeal that, in considering the benefits to the remaining lands, reference was properly made to the entire tract of 3,200 acres, which comprise one large body of land. Charge 15, refused to defendant, was misleading, if not erroneous, in that it tends to ignore any benefit to the entire body of land by reason of the paved road running through the same as a part of a continuous highway. The argument in support of this charge, as well as assignment 20, too narrowly confines the question of benefit to the entire tract, and is untenable.

■ Refused charge 34 was argumentative and misleading. True, a highway previously ran through the property. But the county insists that the new highway was not only paved and a part of a state project, but greatly improved by elevation and drainage. This charge may be construed as ignoring these benefits from consideration, and was refused without error. Defendants' given

charges embraced all, in this respect, to which they were entitled.

■ Much must be left to the discretion of the court in the matter of cross-examination, and we find no reversible error in the ruling as to the cross-examination of witness Henderson.

Refusal of charge 23 was rested by the trial judge upon the use of the word "believe," which, aside from any other consideration, rendered it bad in form. Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287.

The assignments of error here argued have been duly considered, with the result that we find no error to reverse.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.