GLADNEY, Judge.
This is a suit by an insured to collect from his insurer indemnity allegedly arising under two sick and accident policies. The claim predicated on one of the policies has been abandoned so that the only issues herein relate to Jefferson Life and Casualty Company’s policy No. GS-155646, issued to Tony Beard on November 5, 1954, to afford indemnity to the insured for loss of time from accident or sickness, at the rate of $75 per month in case of total disability,, and one-half of the monthly payment in case of partial disability. The case was tried on its merits and resulted in a judgment in favor of plaintiff, Tony Beard, in the sum of $338.50, as for four and one-half months of entitlement to indemnity. The defendant has appealed from the judgment so rendered, which appeal has been answered to obtain an amendment to the judgment for attorneys’ fees and penalties as authorized by LSA-R.S. 22:658.
The material facts are not in dispute. Plaintiff underwent surgery on January 26, 1955, at which time Dr. Faheam Cannon, orthopedic surgeon of Monroe, Louisiana, amputated a portion of plaintiff’s right forearm and right leg. Thereafter plaintiff remained in the St. Francis Hospital for a period of thirty days and sustained loss of time resulting from the medical attention so received of four and one-half months. Tony Beard, at the time of his application for the policy in question, was fifty-seven years of age and had a condition of deformity affecting his right arm and right leg, which had existed since childhood. Despite this handicap Beard has worked regularly.
On October 27, 1954, two agents of the defendant company called upon plaintiff and solicited his application for insurance, which form was filled out in the handwriting of these agents. Upon payment of the initial premium, the application was forwarded to defendant’s office in Birmingham, Alabama, where the same was approved, and on November 5, 1954, the policy herein involved was issued and forwarded to the plaintiff. On November 3, 1954, through arrangements made by a representative of the Vocational Rehabilitation Service of Louisiana, Tony Beard called upon Dr. *380 Cannon and was given an examination. Dr. Cannon testified that at the time he found plaintiff was suffering from or handicapped by a “dislocation, fixed, old, head of radius, right deformity acquired severe equino-varus, probably post poliomyelitis, right foot, painful for the past five months.” He related that according to the patient’s complaints the discomfort was such in the last five months Beard thought it necessary to seek medical attention. The testimony so given was in a large measure corroborated by both Beard and his wife, especially as to the pain suffered for some months prior to his first visitation with Dr. Cannon. The doctor was of the opinion the condition had existed probably for two or three years. He thought the discomfort from the leg was brought about through wear and tear over the years, superimposed upon the existing' deformity. At a later date Dr. Cannon changed his opinion that the condition had its origin in poliomyelitis and decided it was the result of cerebral palsy.
The defense raises two issues: First, that plaintiff’s claim does not fall within the loss payable clause, as the cause for loss of time did not originate while the policy was in effect and more than thirty days after the date of the policy, as prescribed in the contract between the parties; and second, that the insured falsely answered material questions which induced the defendant to issue the policy.
The first defense urges that the loss payable clause of the policy does not indemnify loss of time for sickness, unless the cause thereof originates while the policy is in effect and more than thirty days after the date of issue of the policy. The clause in part, reads:
“ * * * hereby insures Tony Beard herein called Insured, subject to all of the provisions and limitations hereinafter contained, against:
Hi * * * * *
“(2) loss of time commencing while this policy is in effect and resulting from sickness, the cause of which originates while this policy is in effect and more than thirty days after the date of issue hereof, hereinafter referred to as such sickness.”
The plaintiff testified that before going to see Dr. Cannon on November 3, 1954, he was told by the representative of the State Vocational Rehabilitation Agency his medical expenses would be taken care of by the Agency. The doctor testified his bill was so paid. Undoubtedly, plaintiff knew his visit to Dr. Cannon was to determine upon the feasibility of an operation. Beard testified:
“Q. Tony, just a minute, you did tell Dr. Cannon when you went over there on your first visit on November 3, 1954, that it had been painful for tli'e past five months prior to that time, didn’t you ? A. Oh, yes, it pained, ’it had moved an inch over in them joints.
“Q. Those, joints had been hurting' for a good, long while before you first went to Dr. Cannon, hadn’t they? A. For awhile, yes, sir.
“Q. In Dr. Cannon’s report, he said* he first saw you on November 3, 1954, and he says ‘painful — for the past five-months’. Dr. Cannon got that informa- . tion from you — you told him that it had been painful for the past five months before that time? A. I told him it has been paining me, it hadn’t • slipped though, but it was dragging,”..
Plaintiff takes the position the operation-was necessitated by his right foot twisting-over or turning, which occurred about, thirty days prior to his first visit to Dr. Cannon. Dr. Cannon, however, testified! this condition came about gradually.
The preponderance of the evidence shows-the condition which required the operation was of several years duration, but as it became worse and pain increased, the necessity for some relief became apparent. Certainly, it must be recognized the cause- *381 which brought about the hospitalization and loss of time did not originate while the policy was in effect. Therefore, we find that the benefits claimed under the policy must be denied.
The resolution of the foregoing issue is decisive of the case, and we think obviates the necessity of deciding the second point raised by the defense, which involves only the question of the waiver by the insurer of false answers in the application.
For the reasons above set forth, the judgment from which appealed is annulled, reversed and set aside, and plaintiff's demands are rejected at his costs.