128 So.2d 736

**UNITED SECURITY LIFE INSURANCE COMPANY**

v.

**Voncile HILYER.**

**5 Div. 591.**

Court of Appeals of Alabama.

Feb. 7, 1961.

Rehearing Denied March 7, 1961.

S. P. Keith, Jr., Birmingham, for appellant.

Speaks & Burnett, Clanton, for appellee.

HARWOOD, Presiding Judge.

The appellee here was the plaintiff in the suit below, wherein the plaintiff claimed damages on two policies of insurance issued by the appellant, the defendant below. The two policies insured the plaintiff against loss resulting from hospital, medical, and surgical expenses. From the judgment in favor of the plaintiff, the defendant insurance company perfected its appeal to this Court.

The issues below were stipulated by the parties as follows:

"The trial of this case is to be limited to an issue as to whether or not the disease of the Plaintiff, for which she was hospitalized and received medical treatment for the cause thereof, originated prior to thirty (30) days after the date of the issuance of the policy. In addition to this particular factual issue, there is another factual issue as follows: as to whether or not the physical disability for which suit is filed was malignant within six (6) months after the issuance of the policy."

The issues arise out of provisions in the respective policies whereby loss from sickness or disease was covered only if the sickness or disease commenced 30 days after the effective date of the policy, and further that loss resulting from cancer was covered only if such disability originated six months after the effective date of the policy.

The effective date of the policies was 15 July 1957.

The appellee testified that on 15 August 1957, which was 31 days after the effective date of the policies, she went to Dr. Barclift in Birmingham for a routine checkup, she having no awareness of any disease at that time. In connection with this examination we now advert to the testimony of Dr. Barclift, a witness for the defendant, whose testimony was introduced in evidence through his deposition.

Dr. Barclift testified that he had examined the plaintiff on 15 August 1957, and found that she had a retroverted uterus, cystocele first degree, rectocele third degree, irritable colon and secondary anemia.

However, Dr. Barclift was most hesitant in his testimony as to the length of time these conditions may have existed. While he did testify that in his opinion the conditions had existed for longer than 30 days, and may have existed for several

years, he later designated this as being his "impression." This is best illustrated by the following excerpts from his testimony.

"Q. You did not make a biopsy? A. There was no indication for a biopsy and we did the smear routinely.

"Q. You were asked about this condition of Mrs. Hilyer of duration from one day to six years—you didn't mean to leave the impression from your answer to that question that the condition she had wasn't necessarily one day prior to August 15th, 1957 when you examined her? A. Y'all are just playing with words, now.

"Mr. Burnett: I object. The question is leading.

"A. The thing is, I couldn't say when—you are trying to make me say something specific. I can't do it.

\* \* \* \* \* \*

"Q. Your impression. You don't want it to be part of your oath in this case except that it is an impression? A. That is what he asked me.

"Q. And you do not give the finality of testimony under oath? A. That's right.

\* \* \* \* \* \*

"Q. Twenty years experience—that this condition was of a duration longer than thirty days? It is your impression? A. That is the impression I had that it had been there longer than thirty days, but I can't swear it. \* \* \*"

In connection with the malignancy phase of the issues, the plaintiff below testified that she went to see Dr. Kathleen Wickman in Montgomery, Alabama, on 22 January 1958, again for a routine checkup, she having had no symptoms since she had consulted Dr. Barclift. A few days after this visit Dr. Wickman operated on the plaintiff on a Monday and the following Satur-

day Dr. Wickman told her that she "had a little malignancy, but it wasn't anything to be alarmed at and not to give her credit for finding it, but to give God credit, for everybody wasn't that fortunate in finding out at that early stage; that it couldn't have been found no earlier; and I asked her how long it had been and she said 'all I know, it was over night.' "

In this connection, Dr. Wickman's report to the defendant insurance company shows that on 28 January 1958, she operated on the plaintiff for "abdominal (Total) hysterectomy and appendectomy." No mention appears in Dr. Wickman's report of any malignancy and any inference pertaining thereto must be gathered from the testimony of the plaintiff as above set out.

It might also be noted here that Dr. Barclift testified that he made a smear during his examination for the purpose of determining if the plaintiff had any malignancy at the time of his examination, and that the laboratory report from such smear was negative.

■ The burden of proof was upon the defendant to establish that the defendant's claim was within the limiting provisions of the policies. National Security Insurance Company of Elba v. Tellis, 39 Ala.App. 455, 104 So.2d 483, and cases cited therein.

■ Further, in determining when a sickness or disease is contracted and commenced under the terms of insurance policy, the deciding factor ordinarily is the time that the sickness or disease is manifested, although the medical cause existed prior to this time. Jefferson Life & Casualty Company v. Bevill, 38 Ala.App. 384, 86 So.2d 289; National Casualty Company v. Hudson, 32 Ala.App. 69, 21 So.2d 568; Annotation 53 A.L.R.2d 686.

■ The equivocal testimony of Dr. Barclift cannot be considered as arising to that degree of proof necessary to over-

come the prima facie case made by the plaintiff's evidence entitling her to recover, insofar as the 30 day limitation is concerned. Also clearly the evidence as to the date of the plaintiff's malignancy is insufficient. This view is reinforced in the light of the trial judge's conclusion that the evidence was sufficient to support the verdict. No error therefore resulted from the lower court's judgment denying the defendant's motion for a new trial because of the insufficiency of the evidence to support the verdict, nor did the lower court err in denying the defendant's motion to exclude the evidence timely made in the proceedings below.

■ Counsel excepted to the following portion of the court's oral charge:

"But if she had another disease that didn't exist within the thirty (30) days, then, of course, she might have been hospitalized for all of them put together, but if she had another disease other that cancer, that didn't exist within the thirty (30) days, she would be entitled to recover altogether."

■ An insured is entitled to benefits because of a particular disease insured against, although it was complicated by other diseases, where independently of the other disease, the disease specified disabled him. 45 C.J.S. Insurance § 893.

Taken by itself the above portion of the court's oral charge might well be considered as misleading in failing to instruct relative to hospitalization for a particular unexcluded disease.

However, the court's oral charge must be considered in its entirety, for we think the misleading tendencies of the portion of the charge were eliminated when considered in light of the entire oral charge. A few sentences later the court instructed the jury as follows:

"If this Plaintiff in this case was hospitalized for a number of diseases, or more than one disease, and all of these diseases for which she was hospitalized were within the time prohibited in the policy, that is, the thirty days and the six months, then she could not recover; but if she was hospitalized for a disease that wasn't within this time limit, that is, wasn't excluded by this time limit, and there were other diseases but it was necessary to hospitalize her for that even though there were other diseases barred because of the time limit, in other words, for which she couldn't recover because of the time limit, then she would be entitled to recover anyway because the Insurance Company couldn't stand up and say that if you are hospitalized for several diseases, part of which were barred because they originated within the time prohibition of the policy."

Additional oral instructions were given by the court which should have clarified this point to the jury, and which we will not set out. We conclude that the jury was not mislead, when the oral charge is considered in full, and that the jury understood the issues upon which they were to pass. See Pryor v. Limestone County, 230 Ala. 295, 160 So. 700.

■ Furthermore, the portion of the oral instructions excepted to was only misleading, and not positively erroneous. Where a charge is merely misleading, abstract, or insufficient, it is the duty of the complaining party to request explanatory charges correcting such deficiencies before he can complain thereof on appeal. Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586; and see 2 Ala.Dig., Appeal and Error, ☞216(1), (2) and (3) for additional cases enunciating such doctrine.

Affirmed.

CATES, J., wishes to limit his concurrence in that part of the above opinion

pertaining to the discussion of the portion of the oral charge excepted to, only to the reasons set forth in the last paragraph of the opinion.

On Application for Rehearing

HARWOOD, Presiding Judge.

In his application for rehearing counsel for appellant states:

"I would like to refer you to the letter written by Dr. Kathleen Wickman to Dr. Clare Barclift on April 8, 1958, which is made an exhibit in this case, wherein she states * * *."

In this connection the record shows that when this letter was offered as appellant's Exhibit No. 2 during the reading of Dr. Barclift's deposition, counsel for the appellee objected thereto. During a lengthy colloquy between the court and respective counsel, the appellee's objection to this exhibit was withdrawn. Counsel for appellant then stated that he would like to withdraw his offer of this letter as an exhibit, but the court refused to permit such withdrawal, and counsel for appellant excepted to this action of the court. However, later during the trial, and before the case was submitted to the jury, we find the following on page 58 of the record:

"The Court: I had a little time to reflect on it and to try and find some law. I will say this, it is a highly debatable question as to whether or not it should be in or out, but I am going to take a second guess, a second ruling and rule it out. Leave it out and allow him to withdraw. Rule it out, Defendant's Exhibit No. 2; allow him to withdraw it. All right; now, you all can go to the Jury."

This letter was not forwarded to this court as a part of the record, presumably in view of what we have set out above.

Application overruled.