226 So.2d 640

Herman Lester BOYINGTON et al.

v.

AMERICAN LIBERTY INSURANCE COMPANY, a Corp.

1 Div. 477.

Supreme Court of Alabama.

Aug. 21, 1969.

Rehearing Denied Oct. 2, 1969.

Michael J. Salmon, Mobile, Wilters & Brantley, Bay Minette, for appellants.

**582**

Vickers, Riis, Murray & Curran, Mobile, for appellee.

PER CURIAM.

Appellee filed its declaratory petition in the Circuit Court of Mobile County, in Equity, to determine its liability vel non to defend damage suits for personal injuries to the appellants, except Boyington, occasioned by a collision between a motor truck driven by an agent of appellant Boyington, the insured and owner, and an automobile occupied by the other appellants. The driver was in the employment of Boyington at the time of the collision.

A jury trial was demanded. The jury, at the direction of the trial court, rendered a verdict for appellee. The trial court, following the verdict, and responsive thereto, entered a final decree absolving appellee from any liability under its policy issued to Boyington. From this decree, all the respondents appeal.

As we view the evidence and the briefs of the parties, there was no dispute as to the facts, nor was there any material conflict in such evidence. We refer to the essential features thereof and reasonable inferences to be drawn therefrom.

Appellant Boyington was engaged in the business of hauling pulpwood on his truck for pay. He was engaged by one Bill Hyde, a dealer in pulpwood, to transport for pay some pole-length pulpwood to a paper mill. The truck, owned and used by Mr. Boyington, was not equipped to perform this service, but required a trailer to be attached thereto. Mr. Hyde owned a suitable trailer, which he delivered to Mr. Boyington for use in the transportation of the particular timber. Mr. Boyington did not pay or agree to pay Mr. Hyde for the use of the trailer, nor did he give or agree to pay any reward or emolument for such use. Mr. Boyington did not purchase or agree to purchase the trailer. We think a reasonable inference to be drawn from the transaction with respect to the trailer was that it resulted in serving the convenience of Mr. Boyington and was for the mutual benefit of both parties.

While the trailer was attached to the insured truck in transporting the pole timber pursuant to the arrangement between the parties, a collision occurred between the truck-trailer and an automobile occupied by appellants (except Boyington). These occupants allegedly sustained personal injuries. Suits were filed by said injured parties to recover damages which they sustained. Prosecution of the suits was enjoined pending a judicial determination of appellee's liability under the policy to defend said suits and to pay lawful damages incident to any judgments, within the confines of the policy, obtained against Boyington.

The trial court at the conclusion of the trial gave what we consider to be a di-

rected verdict for appellee. The jury followed the court's instructions and returned a verdict prepared and submitted to them by the trial court. The verdict reads:

"We the jury find the issues in favor of the complainant, American Liberty Insurance Company; that is, that the truck of the insured, Mr. Boyington, was at the time of the accident in question being used for the towing of a trailer hired by the insured, Mr. Boyington, and not covered by like insurance."

The trial court, in giving the directed verdict, followed by a final decree for the insurance company, was prompted to do so by exclusionary provisions in the policy, as follows:

"Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out the ownership, maintenance or use of the automobile."

"EXCLUSIONS

"This policy does not apply:

*    *    *    *    *    *

(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or *hired* by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;" (Emphasis supplied.)

So, the pivotal question at issue under the pleading and facts is whether or not the trailer in use at the time of the collision was *hired* by the insured. There is no contention, and no evidence to show, that the insured owned the trailer.

It appears to us from the evidence and undisputed facts that the insured did not hire the trailer, but obtained it for his convenience, and for the benefit of himself and Mr. Hyde. Mr. Hyde wanted the poles hauled and Mr. Boyington wanted to do the hauling. There was no extra charge for the use of the trailer. Mr. Hyde paid Mr. Boyington a fixed sum per cord.

The benefits to both parties for such use did not, in our judgment, constitute a hiring within the purview of the policy. The word "hired" should be understood in its plain, ordinary and popular sense. Myers v. Ocean Accident & Guarantee Corp., 99 F.2d 485 (4 Cir. 1938). Such word in its factual setting imports a monetary consideration or its equivalent. The proximate flow of benefits to either or both parties from such use is insufficient to convert the transaction into one of hiring within the purview of the policy. To illustrate: If a person obtains the use of his neighbor's lawn mower without monetary pay therefor or its equivalent to mow grass on a lot mutually owned, thus benefitting both parties in the appearance of the law, we do not think it could be reasonably said that the person hired the mower; he just borrowed it.

The insurer prepared the policy and had the choice to use its own words and phrases in incorporating exclusionary provisions. In the use of such words, it should only expect an interpretation commonly accepted in a popular and ordinary sense. The policyholder in construing his protection should not be expected to engage in research to ascertain if the exclusionary words have a meaning outside the plain, ordinary and popular sense. If the words used, as here, have an ordinary and popular acceptation, such acceptation should be employed to ascertain the exclusion, and

not some strained, unusual or technical sense.

. The import of some pronouncements of this Court in certain cases cited by appellee in its brief have no application in our judgment to the issues here presented and should not be followed. These cases are as follows: Prince v. Alabama State Fair, 106 Ala. 340, 17 So. 449, 28 L.R.A. 716; Bain v. Culbert, 209 Ala. 312, 96 So. 228; Ridgely Operating Company v. White, 227 Ala. 459, 150 So. 693.

The first case was an action against a corporation for the value of a picture lost by it while engaged in carrying on a public fair. It appeared that the article was shipped by plaintiff upon invitation of the defendant, issued in pursuance of its general purpose to augment its receipts, and lost, after the close of the exhibition by reason of the failure of defendant's agent to return the picture to plaintiff. Held, that the transaction was a lucrative bailment, and the defendant liable for the loss. The bailment was not a gratuitous one.

The degree of care was involved. We do not construe the case to hold the transaction to be one of hire in the ordinary and popular sense.

The second case was a suit to recover the value of a lost bale of cotton left at a gin. It held that a bailment was lucrative, not gratuitous, if made at the instance of the invitation of the bailor because of expected benefits, direct or contingent; that a gratuitous bailee is liable only for gross negligence; also, that negligence is imputed to a bailor who, on demand, fails to deliver the subject of the bailment or to account for his failure to deliver. The degree of care was involved. This case is not decisive of the contention of appellee that the trailer was hired.

The third case involved the liability of an apartment operator for a trunk left at the door of an apartment by a person moving into an apartment. The duty of the operator with respect to said trunk was an issue in the case. We see nothing in the case that sheds light on the issues involved in the instant case. Again, this Court observed what constituted a gratuitous bailment; also the care involved under the circumstances.

The burden of proof was on appellee to establish that the use of the trailer in the instant case was within the exclusionary provisions of the policy. United Security Life Ins. Co. v. Moore, 275 Ala. 642, 157 So.2d 674; United Security Life Ins. Co. v. Hilyer, 41 Ala.App. 226, 128 So.2d 736(1).

Appellee asserts that assignment of error No. 7, which is argued, is general and does not point out specifically the error relied on, citing Kinnon v. Louisville & N. R.R. Co., 187 Ala. 480, 65 So. 397. The assignment is as follows:

"7. The Court erred in giving a directed verdict for the Complainant in this cause."

The assignment of error under consideration in the Kinnon case, supra, reads as follows:

"That the court committed manifest error in refusing to submit the cause to the jury. Under the evidence shown in the bill of exceptions, the question of negligence should have been left to the jury."

We observed in the Kinnon case as follows:

"* * * Precision has been ever regarded as the essence of the practice; and generality has also been always treated as offensive to a proper practice in assigning errors. And, since the long-established practice exacts specifications of error in the action of the trial court, an appellant cannot be allowed to interpret the legal effect of the action of the court and translate his interpretation thereof into an efficacious assignment of error. He must specify the action of the trial court of which he would have review and revision.

"The assertion of error here made is entirely insufficient to invoke review. It only sets forth the appellant's conclusion of the effect of some unspecified action of the trial court. * * *"

Assignment of error 7, supra, complains of direct and positive action of the trial court by a statement of fact and not a conclusion. The record shows, and appellee admits in its brief, that the court directed the jury to return a verdict for complainant (appellee). We think the assignment is sufficient here to invite review.

Appellee failed to carry the burden of proof and the trial court erred in directing the jury to return a verdict for appellee.

. The final decree of the trial court is reversed and the cause remanded.·

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.