WRIGHT, Presiding Judge.
Plaintiff appeals from a judgment of the Lauderdale County Circuit Court denying him benefits under a policy of disability insurance. We affirm.
The policy sued upon, issued and effective April 21, 1978, provided coverage to plaintiff for “disability from sickness originating after the policy date . . . and causing total disability which commences while this policy is in force.” Shortly after the policy date, plaintiff sought medical treatment because of pain and cramping in his feet. Subsequently plaintiff was diagnosed as having the disease peripheral neuropathy, resulting in deterioration of the peripheral nerves that supply the feet. Neither the fact of plaintiff’s total disability nor the amount of benefits claimed under the policy are contested.
The dispositive issue on appeal is whether, as the trial court obviously found, plaintiff’s disability is from sickness originating prior to the policy date and thus excluded from coverage under the policy.
*944 In Alabama, as in many jurisdictions, a disease, illness or sickness (using the words interchangeably) will ordinarily be deemed to originate or have its inception when it first becomes manifest or active or when there is a distinct symptom or condition from which one, learned in medicine, can, with reasonable accuracy, diagnose the disease. United Security Life Insurance Company v. Moore, 275 Ala. 642, 157 So.2d 674 (1963); United Security Life Insurance Company v. Hilyer, 41 Ala.App. 226, 128 So.2d 736, cert. denied, 272 Ala. 710, 128 So.2d 741 (1961); 94 A.L.R.3d 990. In cases such as this the burden of proof is upon the insurer to establish that the insured’s sickness originated prior to the effective date of the policy. United Security Life Insurance Company v. Hilyer, supra.
In addressing the primary issue, we initially note that there is no evidence regarding actual or possible diagnoses prior to the policy date. For that reason, the question of whether the sickness causing plaintiff’s disability originated prior to the policy date necessarily depends upon whether such sickness became manifest or active prior thereto.
The case was tried before the court sitting without a jury upon stipulations of fact, exhibits and deposition testimony. The pertinent facts appear as follows;
Plaintiff applied for a policy of disability insurance with defendant. The policy became effective April 21, 1978. On May 1, 1978, plaintiff was treated by his family doctor for cramping and pain in his feet. At that time plaintiff gave the doctor a history of having these problems with his feet as early as March of 1978, predating the issuance of the policy. The doctor referred plaintiff to a neurosurgeon. The symptoms continued and progressed. He was referred to and examined by specialists, both orthopedic and neurologic. He was hospitalized and determined to be suffering from peripheral neuropathy and totally disabled.
The evidence is indicative of plaintiff’s sickness manifesting itself or becoming active prior to the policy date. Further indicative is the expert testimony of plaintiff’s doctor that the symptoms complained of in March 1978 were of the same disease which caused disability. The undisputed evidence supports the conclusion that the sickness causing plaintiff’s disability became manifest or active prior to the policy date. See, McDaniel v. State Farm Mutual Insurance Company, 3 Kan.App.2d 174, 591 P.2d 1094 (1979); Beard v. Jefferson Life and Casualty Company, 95 So.2d 379 (La.App.1957).
Plaintiff, through counsel’s well-written brief, admits that the symptoms or problems existed prior to the policy date but argues that such were only of an irritating and not disabling nature at that time. As noted, the test for purposes of this case is whether the sickness became manifest or active prior to the policy date, not whether it was disabling at such time. We are unable to accept plaintiff’s contention that the case of National Casualty Co. v. Hudson, 32 Ala.App. 69, 21 So.2d 568 (1945) establishes the standard of a disabling manifestation. Likewise, the fact that the exact nature of plaintiff’s sickness was not diagnosed until much later, upon admission to the hospital, is not determinative. See, McDaniel v. State Farm Mutual Insurance Company, supra.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.