PER CURIAM.
Seymore Trammell appeals from a summary judgment in favor of Reinhardt Motors, Inc. (“Reinhardt”). Trammell sued Reinhardt on theories of negligence and breach of contract; the lawsuit arose from the bailment of an automobile owned by Trammell and stolen from Reinhardt’s premises. We have thoroughly reviewed the record, the arguments of counsel, and the opinion of the learned trial judge. We find no error in that opinion, and adopt it as the opinion of this Court.
“The only issues to be decided are (1) whether there is a genuine issue of material fact whether Reinhardt was a gratuitous bailee or a bailee for hire; and (2) if there is not a genuine issue of fact and the Court holds that Reinhardt was a gratuitous bailee, did Reinhardt exercise slight care or diligence in protecting Trammell’s automobile while it was in Reinhardt’s possession? In determining these issues, the Court has viewed all of the facts most favorably for Trammell.
“Trammell sells used automobiles. One of the automobiles was damaged while on his lot, and he took it to Reinhardt for an estimate of the cost to repair the damage. Reinhardt was unable to provide the estimate by the close of business and it requested to keep the car over the weekend and make the estimate the following Monday. The car was stolen but later recovered, and this suit was filed to recover for the damages done to the automobile while in possession of the thief or thieves. Seymore Trammell testified in his affidavit that ‘if the price [to repair the automobile] was reasonable, it was agreed that he [Reinhardt] had the job.’ At page 38 of his deposition, Tram-mell testified as follows:
“ ‘Q. Was there still any agreement that Reinhardt would be allowed to repair this automobile?
“ ‘A. We led them to believe that if the estimate was reasonable that they would do the work, because we knew they were among the best body shops in Montgomery. And we led them to *37 believe that in all likelihood they would get the work.’ ”
In addition to the above, it is uncontra-dicted that Reinhardt was not to receive any consideration for giving the repair estimate, and Reinhardt was under no duty or obligation to repair the car.
“Trammell contends that if the bailment was made at the instance or on the invitation of Reinhardt, because of benefits, direct or contingent Reinhardt expected to accrue, then the bailment was not gratuitous. Bain v. Culbert, 209 Ala. 312, 96 So. 228 (1923); Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693 (1933). In Bain, Culbert delivered cotton to Bain’s cotton gin to be ginned and bailed. Bain could not complete the process the day the cotton was delivered and requested that it remain overnight so that the process could be completed the following day. The cotton was ginned and bailed; however, once bailed it disappeared. It was undisputed that Bain expected to be compensated for ginning and bailing the cotton; therefore, it is clear to this Court that Bain is inapposite to the facts before this Court, because, in this case, Reinhardt did not expect any compensation unless it was awarded the contract to repair the car. In Ridgely Operating Co., Mrs. White left her trunk in the hall of the apartment house where she was moving into an apartment. It was undisputed that Mrs. White expected to pay rent on the apartment; therefore, the Court held that there was a contingent benefit to be received by Ridgely Operating Company, that it was a bailee for hire, and that, therefore, it was liable for the disappearance of Mrs. White’s trunk. Again, the facts in Ridgely Operating Co. distinguish that case from the case sub judice.
“Viewing the facts in this case most favorably for Trammell, the Court holds that Reinhardt was not a bailee for hire at the time the automobile was stolen; therefore, it was [not] required to exercise [more than] slight care in protecting Trammell’s automobile.
“The second issue to be resolved is whether Reinhardt exercised slight care in protecting Trammell’s automobile. It is undisputed that the car was parked inside of a building which was locked. The keys were left in the car. The thief or thieves climbed a ten-foot-high fence which was topped with barbed wire, broke into the building through a window, started the car, broke the locks off the door leading to the street, and escaped with the automobile. The Court finds as a matter of law that Reinhardt did exercise [at least] slight care to protect the automobile.”[1]
Based upon the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.

. Anniston Lincoln-Mercury v. Mayse, 341 So.2d 949 (Ala.Civ.App.1977), furnishes no support for Trammell’s argument. In that case, a car was stolen from the premises of a repair shop after having been left for repairs for which compensation would be paid. In the case at bar, no compensation was to be paid for the preparation of an estimate.