(80 South. 69)

SLOSS–SHEFFIELD STEEL & IRON CO. v. THOMAS. (8 Div. 98.)

(Supreme Court of Alabama.   Nov. 21, 1918.)

1. TRIAL ⬤⟿251(9)—INSTRUCTION—ABSTRACT CHARACTER.

In miner's action for injuries, where count on which case was tried made no claim for damages on account of decreased earning capacity, instruction that plaintiff could not be awarded more than nominal damages therefor was properly refused as abstract.

2. TRIAL ⬤⟿240—INSTRUCTION—ARGUMENTATIVE CHARACTER.

In miner's action for injuries, where superintendent was not a party, instruction that jury should not find against employer unless willing to render verdict against superintendent on same evidence *held* properly refused as argumentative.

3. MASTER AND SERVANT ⬤⟿270(10)—ACTION FOR INJURIES—EVIDENCE.

In miner's action for injuries when powder in hole, which he with others was attempting to drill out, exploded, blinding him and causing him to fall down a high bank, plaintiff's witnesses were properly allowed to testify as to danger of use of steel drill in such work.

4. EVIDENCE ⬤⟿514(1), 539—EXPERT OPINION — EXPERIENCED MINE OPERATOR — DANGER IN USE OF DRILL.

In miner's action for injuries when powder in hole, which he with others was attempting to drill out, exploded, the opinion of mine operator, who had had many years of experience in such work, as to whether method of unchoking hole with steel drill was safe, was admissible.

5. TRIAL ⬤⟿260(1)—REFUSAL OF REQUESTED CHARGE.

There was no reversible error in refusing a requested charge, the substance of which was embraced in charges given.

6. MASTER AND SERVANT ⬤⟿285(4)—INJURIES TO SERVANT — UNUSUAL ACCIDENT — QUESTION FOR JURY.

In miner's action for injuries when powder in hole, which he with others was attempting to unchoke with a drill, exploded, whether the accident was unusual, and not reasonably to be anticipated, *held* for the jury on conflicting evidence.

7. MASTER AND SERVANT ⬤⟿291(14) — INJURIES TO SERVANT—INSTRUCTION.

In a miner's action for injuries when powder in a hole he was attempting with others to unchoke with a drill exploded, defendant was entitled, with proper hypothesis, to have jury charged on theory of defense, supported by evidence, that accident was unusual, and not reasonably to have been anticipated.

8. MASTER AND SERVANT ⬤⟿97(2)—INJURIES TO SERVANT—UNUSUAL ACCIDENT.

If explosion of powder in a hole, which plaintiff and other miners were attempting to unchoke with a drill, was so unusual as not to have been reasonably anticipated by the employer in the exercise of ordinary care, plaintiff cannot recover, not having shown actionable negligence.

Appeal from Circuit Court, Franklin County; J. J. Curtis, Judge.

Suit by Joe Thomas a minor, by next friend against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Suit by Joe Thomas, a minor, by his next friend, against defendant (appellant) to recover damages for injuries sustained while he was employed by defendant in its ore mines in Franklin county. The cause was tried on count 5 of the complaint and defendant's plea of general issue and contributory negligence, resulting in a verdict and judgment for plaintiff in the sum of $2,500; from which the defendant prosecutes this appeal.

Count 5 relied for the recovery upon the negligent conduct of one Will Irvin, who was bank boss and had superintendence intrusted to him, and to whose orders the plaintiff was subject. Said count alleges in substance that on the day of the injury the plaintiff,

with others, was engaged in boring a hole into a bank of earth and ore; that the bank might be shot with dynamite so as to loosen the ore therein. Just prior to this time, a quantity of powder had been poured into the hole so that the hole became choked; and while plaintiff was engaged in unchoking the hole, under the direction of Will Irvin, the powder exploded; and in trying to get away from the place of said explosion, and being unable to see on account of the smoke caused by the explosion, the plaintiff ran off a high bank, and by reason of said fall his legs were broken, his jaw bone broken, and he was otherwise bruised and injured, suffered physical and mental pain, and was permanently injured. Plaintiff alleges that the explosion of said powder, which caused said injuries, was caused by reason of, and as a proximate result of, the negligence of Will Irvin. There was no claim in said count for any damages for decreased earning capacity.

The evidence for the plaintiff tended to show that the hole which had been bored in the bank had become choked with the powder, and he (plaintiff), with others, was ordered by Irvin to unchoke the same, and for this purpose at first used a stick; that the powder had been put in the hole by the order of Will Irvin; that, after failing to unchoke it with a stick or pole, they undertook to unchoke the hole with a drill, which worked up and down, requiring two men to pull the handle, and two to drill. The drill used was 15 or 20 feet long, and about as large around as a chair post, and "had a bit like a diamond," and "they would lift it up and then drop it back." The hole was about 8 feet deep. The drill had a steel point, and while engaged in drilling the powder in this manner the explosion occurred, throwing up dense smoke as well as earth. The plaintiff was blinded thereby, and running away from the place of explosion he ran down the embankment and sustained the injuries set out in the complaint.

One or two witnesses for the plaintiff, after having sufficiently qualified as to their experience with powder and drilling holes through earth and rock and the use of powder therewith, were permitted to testify, over the objection of the defendant, that the danger in using a steel drill would be the steel might hit a rock or other hard substance and cause an explosion.

One Creighton, witness for the defendant, testified that he was superintendent of Rockwood Quarry, and had had many years of experience in handling powder, boring holes with steel drills, etc.; and that in his plant holes are bored with steel drills, and are unchoked as was done in the instant case, and that one had never, in his experience, exploded; that such was the custom of his plant, which was operated in the ordinary method of mining companies. Thereupon the witness was asked the following question: "In your judgment is it safe or unsafe?" The court sustained the plaintiff's objection thereto.

There was evidence tending to show that plaintiff had a cigarette in his mouth at the time, which was on rebuttal denied by the plaintiff.

The testimony for the defendant further tended to show that, in unchoking holes with steel drills, the drill usually knocks down dirt on the powder; but there was no recollection by any witness of the powder catching fire and blazing out before this one.

The court refused to give the following charges:

(32) "If you believe the evidence, you cannot award the plaintiff more than nominal damages for decreased earning capacity."

(30) "I charge you, gentlemen, that you should not find a verdict against the defendant in this case unless you would be willing to render a verdict against Will Irvin on the same evidence."

(19) "If you believe from the evidence that the accident complained of was of an unusual character and one that could not be reasonably anticipated by the use of ordinary care, then the plaintiff cannot recover in this case, and your verdict must be in favor of the defendant."

Tillman, Bradley & Morrow and T. A. McFarland, all of Birmingham, and Travis Williams, of Russellville, for appellant.

A. H. Carmichael, of Tuscombia, and Henry D. Jones, of Russellville, for appellee.

GARDNER, J. [1] Counsel for appellant argue with much confidence that the judgment should be reversed for the refusal of charge 32, limiting the amount of recovery for decreased earning capacity to nominal damages, upon the theory there was no data furnished by the proof to support such recovery, citing Ala. Fuel & Iron Co. v. Ward, 194 Ala. 242, 69 South. 621; B., R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 South. 513; U. S. Cast Iron Pipe & Foundry Co. v. Eastham, 237 Fed. 185, 150 C. C. A. 331—among other authorities.

While it is true the evidence furnishes no data whatever upon which to rest a recovery for decreased earning capacity, yet an examination of count 5 of the complaint—upon which the cause was tried—discloses that the plaintiff made no claim for the recovery of such damages. In B., R. L. & P. Co. v. Colbert, supra, it was held that such damages to be recoverable must be specially claimed in the complaint. Under these circumstances, therefore, the authorities relied upon by counsel for appellant are without application, and the charge was properly refused as abstract.

[2] Irvin, the superintendent, was not a party to the suit, and the refusal of charge 30, above set out, may be justified upon the theory that the same was argumentative.

[3] We are of the opinion that the court properly permitted the plaintiff's witnesses to testify as to the danger of the use of a steel drill coming in contact with rock or ore.

[4] Witness Creighton, for the defendant, after having sufficiently qualified as to his experience with powder in drilling holes through earth and rock, was asked to give his opinion as to whether or not the method of unchoking the hole with the use of a steel drill was safe or unsafe; and to this question plaintiff interposed a general objection, which was sustained by the court. In this there was error. The witness had had many years of experience in this work, and it cannot be questioned that he was fully qualified to express an opinion as an expert thereon. The witnesses for the plaintiff had been permitted to testify as to the danger in the use of such steel drills, and we think it clear that this witness should have been allowed to testify that, in his opinion, this method was safe. This ruling concerned a matter of evidence which was of vital importance in the trial of the cause and affected substantially the rights of the parties. We are of the opinion that the court committed error in sustaining the objection.

[5] We consider it unnecessary to pass upon the sufficiency of refused charge 18 for the reason that, whether or not this charge was free from objection, the substance of the same is embraced in given charges 23 and 29. There was no reversible error, therefore, in its refusal.

[6] The evidence for the defendant tended to show that it was the custom among well-regulated ore mines, operated as was the defendant's plant, to unchoke the hole with a drill, as was used in the instant case, after a failure to unchoke the same with a pole; and that in the many years of experience of the witnesses for the defendant they had never known the powder to explode. Defendant's evidence further tended to show that this was a most unusual accident, and one not reasonably to be anticipated.

[7] While the evidence for the plaintiff was to the contrary, and therefore this was a question for the jury's determination, yet the defendant was entitled, with proper hypothesis, to have the jury charged upon the theory of this defense, and to that effect requested charge 19, which was refused by the court, and which appears in the statement of the case.

[8] If it was an accident of such an unusual character as not to be reasonably anticipated on the part of the defendant in the exercise of ordinary care, then, as stated in said charge, the plaintiff would not be entitled to recover, as actionable negligence would not be shown. Wheeler v. Standard Steel Co., 196 Ala. 634, 72 South. 254; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 52 South. 86.

We do not find the principle asserted in this charge was embraced in substance in any of the charges given at the request of the defendant, or in the oral charge of the court, and we are of the opinion that its refusal was error. For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.