7 So.2d 778

## MIXON v. STANARD TILTON MILLING CO.

4 Div. 708.

Court of Appeals of Alabama.

April 21, 1942.

Charles M. Cooper, of Dothan, for appellant.

. Martin & Jackson, of Dothan, for appellee.

SIMPSON, Judge.

The case is before us to review the ruling of the circuit court granting the plaintiff's motion for new trial on grounds, among others, that the verdict of the jury was contrary to the great weight of the evidence.

█ It is necessarily incumbent upon us that the whole evidence (which was conflicting) be reviewed in the light of the favorable presumption to be accorded the ruling of the trial judge who presided at the trial. Upon a careful review of this whole evidence, we are unable to affirm that the action of the trial court in the premises was so manifestly wrong as to override the favorable presumption attending said ruling.

█ This court should and will " 'revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.' Carraway v. Graham, supra (218 Ala. 453, 118 So. [807], 811); Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 569, 61 So. 914, 915." Lamar Life Ins. Co. v. Kemp, ante, p. ——, 1 So.2d 760, 761.

█ But, "if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under duty to set it aside and grant a new trial." Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

█ And "in such cases * * * the decision granting a new trial will not be reversed unless the evidence 'plainly and palpably supports the verdict.' Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740; Parker v. Hayes Lumber Co., supra." Reynolds v. City of Birmingham, 29 Ala.App. 505, 198 So. 360, 361.

When the case at bar is tested by these well established principles of law, the conclusion is inescapable that this court should not reverse the decision of the trial court in granting the new trial.

That court saw and heard the witnesses testify. Parker v. Hayes, supra. The evidence was in conflict. The defendant had the burden of proving his special plea of fraud and misrepresentation. Upon entering upon this proof, he first stated that he did not remember just what statements the agent of plaintiff did make, and then proceeded to relate the asserted misrepresentations of the agent, relied upon to defeat recovery. This, in contradistinction with the positiveness of the evidence of the plaintiff to the contrary, may have impressed the judicial mind (the trial judge) that justice demanded that plaintiff have another trial.

This discussion of the evidence is, of course, without prejudice to the defendant in the event of another trial, and merely is suggested as supporting our conclusion that the ruling of the trial court should not be overruled, in view of the strong presumption recognized in law that he ruled correctly.

The judgment ordering a new trial should not be disturbed.

Affirmed.