31 So.2d 586

## LASSETTER v. KING.

### 6 Div. 325.

Court of Appeals of Alabama.
April 22, 1947.

Rehearing Denied June 30, 1947.

London & Yancey and Chas. W. Greer, both of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

## HARWOOD, Judge.

The plaintiff below (appellee here), as administrator of the estate of Mrs. Annie King, deceased, brought suit under the Homicide Statute, Section 123, Title 7, Code of Alabama 1940, alleging that the defendant below (appellant here) so negligently operated an automobile as to cause a truck of the McDonough Motor Express Company to collide with a third automobile in which Mrs. King, the deceased, was riding, proximately causing fatal injuries to Mrs. King.

The plea was in short by consent.

The evidence we do not feel is sufficiently involved in this appeal to necessitate a recital of it, other than to state that after a careful reading thereof we are convinced that the lower court did not err in refusing defendant's written request for the affirmative charge.

The jury returned a verdict in favor of the plaintiff and awarded damages in the amount of five hundred dollars.

The plaintiff duly filed a motion for a new trial, assigning some nineteen grounds therefor.

The court granted the motion for a new trial solely on grounds 17 and 18 thereof, which grounds pertained to the injection into the case in the presence of the jury of incompetent and objectionable evidence by means of objectionable questions and remarks of defense counsel relating to settlements made by the plaintiff below with the McDonough Motor Express Company in a suit brought in his individual capacity.

In considering the action of the lower court in granting the motion for a new trial we are not limited solely to the grounds announced by the lower court as a basis for its action. If a new trial was warranted on any of the grounds assigned the judgment granting the new trial will not be disturbed. Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Gissendanner v. Temples, 232 Ala. 608, 169 So. 231; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224; Shepherd v. Morrison's Cafeteria Co., Inc., 29 Ala.App. 189, 194 So. 427; First National Bank of Birmingham v. Searcy, 31 Ala.App. 553, 19 So.2d 559.

The first ground assigned in support of the motion for a new trial was as follows:

"1. The Court erred in giving to the jury at defendant's request the following written charge:

"'15. I charge you, gentlemen of the jury, that it is the law of this state that any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished by imprisonment in the county or municipal jail for a period of not less than five days nor more than ninety days or by a fine of not less than twenty-five dollars nor more than five hundred dollars or by both such fine and imprisonment, and on a second or subsequent conviction shall be punished by imprisonment for not less

than ten days nor more than six months or by a fine or not less than fifty dollars nor more than one thousand dollars, or by both such fine and imprisonment, and the court shall prohibit the person so convicted from driving a motor vehicle on the public highways of this state for a period of not exceeding six months.' "

The above charge is a correct statement of the criminal law relating to reckless driving and the penalties imposed for its violation. The terminology of criminal proceedings is inappropriate to civil actions. Esdale v. Baxter, 219 Ala. 256, 122 So. 12; Watson v. Adams, and Watson v. Franklin, 187 Ala. 490, 65 So. 528, Ann. Cas.1916E, 565. Charge 15 therefore should not have been given. Even so, does it constitute a proper ground for affirming the lower court's action in granting the motion for a new trial.

In his oral charge the court instructed the jury as follows: "Now, the damages, under the Homicide Act, are punitive, in nature—they are not compensatory—the idea being, in the homicide statute, that the damages are to be awarded the plaintiff in a suit of this kind, and meted out against the defendant as a punishment and as a deterrent, not only to the parties in litigation here, but to everyone to refrain from any conduct of a similar nature. So the damages in this case, cases of this type, are punitive, and the basis of it would be, or the basis of any award would be, within the sound discretion of the jury, commensurate with the enormity of any wrongdoing or any negligence. The purpose of the statute is to safeguard human life. In making that statement, I don't mean to suggest, of course, that the plaintiff is entitled to recover or that he is not entitled to recover. That is not the function of the court. That is the sole function and responsibility of the jury. You will determine whether the plaintiff is entitled to recover, and, then, in your sound discretion, if you so find, the amount of the award which the plaintiff should receive."

After his oral charge the court then stated to the jury: "I am going to read you some written charges, gentlemen, which the defendant has requested. They state correct propositions of law and are to be taken by you as a part of the law in the case, along with the oral instructions that have been given you."

Then follow the given requested charges, including charge 15, supra, in which the court said in effect that a person guilty of reckless driving—shall be punished—by a fine of not less than twenty-five nor more than five hundred dollars.

There was evidence in the record below tending to show that the defendant below was guilty of reckless driving, and nothing to show that such was not her first instance of reckless driving.

In light of the above background it is our opinion that defendant's given charge 15, supra, was more than misleading and abstract, but positively erroneous.

This conclusion renders inapplicable the doctrine that where a charge is merely misleading, abstract or insufficient, it is the duty of the complaining party to request explanatory charges correcting such deficiencies before he can complain thereof on appeal. (See 2 Ala.Dig., Appeal and Error, ☞ 216(1) (2) and (3) for cases enunciating such doctrine).

No explanatory charge correcting charge 15, supra, could have been harmonious with the legal principles governing the determination of this case. A requested explanatory charge to the effect that the principles enunciated in charge 15 were not applicable would not in effect be explanatory, but a denial that the law was in effect what the court had instructed the jury was the law.

■■ The granting or denying of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order in the premises will not be disturbed unless it is made to appear that some legal right of the appellant was violated by abuse of discretion on the part of the trial court. The presumption is that the trial court's discretion was properly exercised. The record must plainly and palpably show that the trial court was in error. Foster v. Rosamond, 28 Ala.App. 99, 180 So. 334; Mixon v. Standard Tilton Milling Co., 30 Ala.App. 454, 7 So.2d 778;

Kent v. Lindsey, 30 Ala.App. 582, 10 So.2d 54; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

We have not in this opinion written to all of the propositions urged in the briefs submitted in this cause, as we feel that many of the points are not likely to arise in a new trial of this cause, and in our opinion what has been written above is decisive of the question of the correctness of the action of the trial court in granting appellee's motion for a new trial.

Affirmed.