31 So.2d 588

## LASSETTER v. KING.

### 6 Div. 613.

Supreme Court of Alabama.
July 31, 1947.

London & Yancey and Chas. W. Greer, all of Birmingham, for petitioner.

Taylor, Higgins, Koenig & Windham, of Birmingham, opposed.

GARDNER, Chief Justice.

The Court of Appeals has rested its affirmance of the judgment in this cause upon action of the court in giving charge number 15, which is set out in the opinion of that court. That is the only question determined by the Court of Appeals and the only question here presented for our consideration.

Counsel for appellant insists the charge was merely misleading and that the action of the court in giving the charge did not justify a reversal, and hence would not justify the trial court in granting plaintiff's motion for a new trial. It is to be observed that this charge restates practically in full the criminal statute regarding reckless driving, with the details of minimum and maximum punishment to be imposed, including the prohibition against further driving for at least six months. The opinion of the Court of Appeals discloses there was evidence tending to establish a violation of this criminal statute and of consequence the charge was not abstract. True in numerous cases the holding of this court has been that charges in actions of this character which make use of criminal terminology in dealing with the question of recoverable damages are misleading and properly refused. Many of these cases are to be found noted in the recent case of Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714. But counsel insists that such charges having only a tendency to mislead, if given by the court, called for the opposing party to request an explanatory charge, and in the absence of such request reversible error is not made to appear.

The numerous authorities found cited in 18 Ala.Digest, page 863 sustain the view that a charge which has merely a tendency to mislead the jury does not, if given, present error to reverse. Illustrative is Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298, to which may be added numerous others. But there are cases in which the court finds that a charge must necessarily have misled the jury and not only has a tendency to mislead, in which event the giving of such instruction will constitute error to reverse. The rule was stated in one of our early decisions (Kenan v. Holloway, 16 Ala. 53, 50 Am.Dec. 162) where the court observed: "If the tendency merely of the charge had been to mislead, the defendant should have asked additional and explanatory instructions; but where it will necessarily mislead, and actually does, it is a fatal error." See also Partridge v. Forsyth, 29 Ala. 200.

It is to be noted that in the cases illustrated by Alabama Great Southern R. Co. v. Swain, supra, and those therein cited, the objectionable feature of the charge was a reference to criminal terminology in very general terms, and the court, as a general rule, was dealing with the question of justification of the trial court in refusing such charges. In none of the cases to which our attention has been called has a charge such as given charge 15 in the instant case been considered. The opinion of the Court of Appeals is to the effect that an explanatory charge requested by the opposing party as to this particular given charge 15 could not be in fact explanatory in nature. The case involved imposition of

424

punitive damages. It did not involve criminal prosecution or the application of any criminal statute, yet the language of the charge would so indicate.

The Court of Appeals has concluded that, considering the entire record, this charge not only had a tendency to mislead but in fact did mislead the jury, and that the giving of such a charge justified the action of the court in granting a new trial. We are unwilling to hold that the Court of Appeals was in error in this regard.

■ We are somewhat impressed with the argument of counsel in criticism of that part of the opinion of the Court of Appeals treating the question of discretion of the trial court in granting or refusing a motion for new trial, and that this matter of discretion does not extend to questions on errors of law. 46 C.J. 414; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572. As we view the case this is not here a matter of any material consequence. The opinion of the Court of Appeals has plainly disclosed the conviction of the court that from a study of the record the giving of this charge probably injuriously affected plaintiff's substantial rights.

While it is true this matter of discretion does not extend to an error of law actually committed, yet the trial court may at times exercise a sound discretion in determining whether or not the error was such as was calculated to affect the substantial right of the movant for a new trial. 46 C.J. 414; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829. But that matter of discretion in the trial court cannot well have application in the instant case, for the reason the trial court rested his action upon grounds 17 and 18 of the motion, which bore no relation to the matter of given charge 15. Such designation, therefore, refutes the notion that any matter of discretion was involved on this ground of the motion. We are, therefore, of the view the reference in the opinion to the exercise of discretion by the trial court was here inapt.

The denial of the writ of certiorari is therefore rested upon the theory the opinion of the Court of Appeals discloses that court's view that from a review of the whole record given charge 15 not only had a tendency to mislead, but in fact did, in all probability, mislead the jury and of consequence justified a new trial.

It results the writ is due to be denied. It is so ordered.

Writ denied.

FOSTER, LAWSON, and STAKELY, JJ., concur.