53 So.2d 559

WILSON v. STATE.

7 Div. 105.

Supreme Court of Alabama.

June 14, 1951.

Young & Young, Anniston, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

FOSTER, Justice.

Appellant was convicted of murder in the second degree, and his punishment fixed at twenty-five years in the penitentiary.

We have examined the record with care and find nothing in it that needs discussion, except the two matters discussed in brief of counsel for appellant. The first of them relates to the admission of a confession made by appellant. This confession is alleged to have been made to two officers in the county jail on Sunday morning next after Friday night, when the killing occurred.

Appellant's wife was killed in their home by the discharge of a shotgun belonging to appellant. He was arrested that night and put in the city jail and later transferred to the county jail. The usual proof was made with respect to the voluntary character of the confession. The confession was reduced to writing by one of the officers, signed by appellant and witnessed by both officers. It was made after and in response to questions which were propounded to him by one of the officers in the presence of the other officer. There were no circumstances connected with it which indicate any show of coercion, force, fear or expectation of benefits. Appellant was not subjected to the questioning under circumstances which were oppressive, nor was he in any way mistreated, and, al-

though he testified in the case himself, he did not testify to any mistreatment by the officers in obtaining the confession. In fact his testimony given on the trial was in many respects the same as that set out in the confession. The fact that he was under arrest without the presence of counsel and without a formal commitment having been made, all taken together, are not sufficient to show that the confession was involuntary. Those principles have been decided many times by this Court. Some of them are referred to in the cases of Ingram v. State, 252 Ala. 497, 42 So.2d 36; Logan v. State, 251 Ala. 441, 37 So.2d 753; Huntley v. State, 250 Ala. 303, 34 So.2d 216; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

The other ruling of the court treated in brief by counsel for appellant is the admission of a photograph taken of a room in which the killing occurred. The photograph was taken on Sunday morning, after the deceased was killed on the Friday before. Two officers went to the house of a neighbor and picked up a woman living there and who was the first at the scene of the crime, and they all three went back to the scene of the crime. This woman testified that the room was in the same condition then as it was at the time she went there immediately after the shooting occurred, except a shotgun was then in the room and the body of the deceased had been removed. She pointed out the place where the shotgun had been leaning against the foot of the bed, and she placed a broom in the position she said the gun occupied with reference to the bed and the room, and she testified on the trial that the broom was placed in that position. While it was so placed and in the presence of the other officer, one of them took a picture of the room showing the broom leaning against the footboard of the bed and of the other objects in the room. This picture was offered in evidence, and the court overruled objection to it.

It is insisted by appellant's counsel that it is illegal evidence because it was taken at a time when defendant was not present; it was not a part of the res gestae of the crime itself, but was a transaction between other parties with which the defendant was not connected and, therefore, it was in violation of those several principles of law holding evidence of that sort illegal. The picture itself is before us and we think it is competent for the purpose of illustrating the transaction as it occurred according to the confession of appellant and according to his testimony. His testimony very briefly is that as he and his wife were entering the house that night a dispute arose and she picked up the gun with an accusation, and he undertook to take it away from her and the gun discharged without his intending it should, resulting in her death. He and his wife had been married three or four years and had separated many times and had just recently ended a period of separation when this incident occurred.

We note in connection with the admissibility of this photograph that the room is not in exactly the same condition it was in at the time of the shooting, by reason of the fact that the broom was occupying the place where the gun had been leaning against the foot of the bed, and the body of the deceased had been removed. It is a well known principle that a photograph of the scene of the crime is admissible in evidence for the purpose of getting a better understanding of the testimony of the witnesses as to what occurred. Blue v. State, 246 Ala. 73, 19 So.2d 11; Louisville & Nashville R. R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877.

It is not unusual under those circumstances, in order to illustrate the details of the occurrence, to place items about the scene in as near the same position as they were in at that time, as is then available, with explanatory evidence given of it on the trial. We do not think that the rule is violated when some other object is substituted for the gun in order to illustrate the position of the gun immediately after the shooting occurred. This does not conflict with the rule that when the photograph has been taken long after the accident and material changes have been made in the *locus in quo,* the photographs are usually not admissible. Williams v. Wicker, 235 Ala. 348, 179 So. 250; Bradley

v. Lewis, 211 Ala. 264, 100 So. 324. But the principle is also well established that there is no error in allowing the introduction of a photograph showing the location of an important item in solving a problem by placing at that location some foreign substance with an explanation of it by evidence of its status. Louisville & Nashville R. R. Co. v. Cross, 205 Ala. 626, 88 So. 908.

For the photograph to be admissible, it is of course necessary that evidence be given of its correctness, explaining the meaning of the changes made in the scene of the crime, and that otherwise conditions are the same. There was no dispute in the evidence as to those matters.

We find no reversible error in respect to the two contentions made by counsel for appellant or in any other feature of the record. The judgment is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.