154 So.2d 297

Felix H. VEST et al.

v.

Calvin GAY.

8 Div. 46.

Supreme Court of Alabama.

May 30, 1963.

Hare, Wynn & Newell, Birmingham, and Harris & Harris, Decatur, for appellee.

Peach, Caddell & Shanks, Decatur, and Lange, Simpson, Robinson & Somerville, Birmingham, for appellants.

SIMPSON, Justice.

This case was originally assigned to another Justice but was recently re-assigned to the writer for study and preparation of the opinion.

This is an appeal by the defendants from a judgment entered on a jury's verdict in the amount of $40,000.00 and the overruling

of the motion for a new trial, in an action for damages growing out of a collision at a street intersection in the city of Decatur, Alabama, between appellants' truck and plaintiff's automobile.

Only four assignments of error are argued and relied upon for a reversal. We might add that this case was most expertly tried before a very competent trial judge and we have been favored with excellent briefs from counsel for the parties.

The paramount claim for a reversal by appellants in their motion for a new trial and argued here is that the verdict of the jury is excessive under the precepts as contained in our cases.

▇▇▇▇ The rules governing our consideration of this question are clear and have been reiterated quite often. We refer to them briefly for emphasis: The verdict of a jury should not be interfered with merely because in the opinion of the court the jury gave too little or too much (Airheart v. Green, 267 Ala. 689, 104 So.2d 687; Alabama Great Southern Ry. Co. v. Baum, 249 Ala. 442, 31 So.2d 366); and the authority vested in the courts to disturb a verdict of the jury on the ground of excessive damages is one which should be exercised with great caution (Airheart v. Green, Id.; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315; Louisville & Nashville R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288, 298); where there is no set standard for the admeasurement of the damages but the damages to be awarded are left to the sound discretion of the jury, a remittitur or a new trial should not be ordered on the ground of excessiveness of the jury's verdict except in those cases where the court can clearly see that the verdict has been reached on account of bias, passion, prejudice, corruption, or other improper motive or cause (Airheart v. Green, supra; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447); but where the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case the

court may interfere and set the verdict aside (National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698), also, where the trial court refuses to grant a new trial because he does not believe the verdict to be excessive, the favorable presumption attending the jury's verdict is thereby strengthened (International Union, etc. v. Palmer, 267 Ala. 683, 104 So.2d 691; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830).

The evidence as relating to appellee's damages tended to show the following: Appellee was a resident of Decatur, 51 years old, and prior to the accident was employed as an office manager for a farm equipment company. Appellee had a dormant duodenal ulcer prior to the collision with appellants' truck but had lost no time from work on this account and it apparently was giving him no trouble. He had been treated for it by Dr. Tom Guyton of Hartselle, Alabama. After the accident appellee began experiencing pain between his shoulders; he went to a chiropractor and on the day following the accident went to Dr. Guyton and was put into the hospital in traction. At various times Dr. Guyton referred appellee to a neuro-surgeon, a psychiatrist, and an orthopedic surgeon. Since the accident appellee has been afflicted by a trembling or shaking of the head, feeling as if his head wanted to go backwards. Appellee wore a neck brace for a considerable time after the accident. Some three months after the accident appellee's ulcer became quite active and consequently he was put on a special diet consisting mainly of milk and baby food and was so afflicted at the time of trial. The evidence clearly shows that appellee had been and continued to suffer pain in his neck and back and there is a loss of the lordotic curve (cervical curve), termed as a "poker neck"; a tremor, continual nervousness and spasm of the neck muscles. In the opinion of appellee's own physician, Dr. Guyton, he knew of nothing to cause these symptons nor the ulcer to get worse but the accident. There was evidence that appellee suffered a psychoneurosis as a result of the accident. (Perhaps a better term should have been traumatic neurosis,

as indicated from the facts.) Appellee began losing weight after the accident. He had lost about thirty-five pounds at the time of the lawsuit. When his back pain became so severe, which apparently happened often, this would cause nausea and vomiting. Appellee testified that the pain in his back was never "easy" unless he took "something" and sometimes that did not help. In the two years following the accident he lost 278 working days but he continued on the payroll as a salesman, which was less exacting and strenuous than his former job as office manager. Appellee's employer testified that appellee was, since the accident, a much changed man, that he would become sick and nauseated and have to leave the job in the middle of the day, and he did not know how much longer appellee would be employed, but that appellee was unable to do his job efficiently. There was expert medical testimony that appellee was not malingering or faking. Appellee's expenses for medical care totaled $2,276.36; the cost of having his automobile repaired totaled $511.04.

In passing on the question of the excessiveness of damages, it is not amiss to take notice of the diminishing purchasing power of money, the present inflationary trend exemplified in the exorbitant rise in the price of nearly all commodities and the enormous increase in the cost of living which would justify a larger verdict. See Birmingham Electric Co. v. Howard, supra (and cases cited).

Appellee cites in his brief, pages 19–B and 19–C, cases cited in 16 A.L.R.2d Supp. as examples of the awards for various injuries, ranging from $50,000 to $250,000. The reporter will set out these cases and examples in the report of the case.

Under the proven facts we are not prepared to say the verdict was excessive, so as to show result of "bias, passion, corruption or other improper motive or cause", nor are we prepared to say that the jury took a "mistaken" view of the facts. It is apparent to us from a close reading of the record that appellee suffered much pain and mental anguish as a result of the collision with appellants, wherefore we must and do hold that this assignment of error is not well taken.

Appellants also raise the point that the lower court erred in sustaining appellee's objection to the following question on cross-examination of appellee:

"Q   The New York Life Insurance did pay the hospital and doctor bills?"

Appellants concede that proof that an insured has been compensated for a loss by an indemnity insurer is generally not material and is inadmissible, but appellants here urge it should be admissible as having a direct bearing upon the issue of appellee's injuries, especially since appellee allegedly may be malingering or faking illness. While this argument is somewhat ingenious, we cannot deviate from the settled rule in our jurisdiction and declare this to be a proper purpose to enable admission into evidence of the fact of indemnity insurance. Sturdivant v. Crawford, 240 Ala. 383, 199 So. 537; Long v. Kansas City, M. & B. R. Co., 170 Ala. 635, 54 So. 62. A strong analogy supporting this conclusion is found in Phoenix Ins. Co. of New York v. Leonard, 270 Ala. 427, 119 So.2d 217. The same contention was there made but rejected. To accede to appellants' argument would tend to either emasculate the rule or render it unworkable.

Appellants claim error in the lower court's refusal of the following requested charge:

"(26) If you believe the evidence in this case, you can award the plaintiff nothing for the purpose of compensating him for any loss of salary or wages."

Other reasons aside, there was no claim in the complaint for damages for any loss of wages plaintiff might have suffered, nor was there any proof of loss of wages. This charge was, therefore, properly refused as abstract.   Birmingham   Electric   Co.   v.

**290**

Farmer, 251 Ala. 148, 36 So.2d 343; Newton v. Altman, 227 Ala. 465(4), 150 So. 698; Sloss-Sheffield Steel & Iron Co. v. Thomas, 202 Ala. 231, 80 So. 69.

 Appellant finally argues that the lower court erred in refusing to admit in evidence the accident report of the investigating officer. It has been the settled rule in our jurisdiction that the reports of investigating officers are not admissible in evidence, as being hearsay. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110; Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.