266 So.2d 260

**Dr. James D. NETTLES**

v.

**William Clifford BISHOP et al.**

l Div. 698.

Supreme Court of Alabama.
July 13, 1972.
Rehearing Denied Sept. 7, 1972.

**102**

Hubbard H. Harvey, Demopolis, Robert P. Upchurch, Livingston, for appellant.

Hill, Hill, Stovall, Carter & Franco and William A. Oldacre and John M. Milling, Jr., Montgomery, L. Y. Sadler, Camden, for appellees.

PER CURIAM.

Appellant, the father of a minor son who was killed while driving an automobile that collided with a motorized tractor and trailer on a public highway, brought suit against appellees under the homicide statute (Tit. 7, § 119, Recompiled Code, 1958) to recover damages of appellees for the wrongful death of his minor son. The tractor was being driven by defendant, William Clifford Bishop. Jury and verdict, followed by formal judgment, for defendants.

Appellant filed a motion for a new trial. This motion was heard and duly overruled, followed by judgment from which this appeal was taken. No appeal was taken from the judgment on the jury verdict.

There are numerous assignments of error in the record, but only five of these assignments are argued. The assignments

not argued are waived. N.A.A.C.P. v. State, 274 Ala. 544, 150 So.2d 677(1).

■ The five assignments of error are directed to five grounds of the motion for a new trial. The other grounds of the motion are waived. Peoples Telephone Co. v. Buchanon, 37 Ala.App. 371, 68 So.2d 854(6); Smith v. Pierce, 273 Ala. 321, 134 So.2d 201(8).

We will consider the assignments of error seriatim.

Appellant complains under assignment of error #2 that the trial court erred in giving for defendants written charge #32, which reads as follows:

"The Court charges the Jury that if the Jury is satisfied from the evidence that considering all of the facts and circumstances no fine, or penalty should be extracted from the defendants whereby the plaintiff is rewarded or benefitted, then you cannot return a verdict against the defendants."

Assignment of error #9 asserts that the trial court erred in giving at the request of the defendants written charge #26, which reads:

"The Court charges the Jury that punitive damages are in the nature of a civil fine and unless you are reasonably satisfied from the evidence that the defendant, William Clifford Bishop, should be punished for his acts or omissions and that plaintiff should be the beneficiary of this fine, you cannot award punitive damages at the hand of the defendant, William Clifford Bishop."

■ Each of these charges is bad for the reason that they instruct the jury that if the jury is satisfied, or reasonably satisfied from the evidence, as the case may be, that the defendants should not be fined, inflicted with penalty, or punished for their acts or omissions, the jury could not return a verdict against the defendants, notwithstanding their acts or omissions may have been wanton or negligent and have proximately caused the decedent's death.

We think the aforequoted charges gave undue emphasis to the plaintiff being the beneficiary of the punitive damages. The primary purpose in awarding damages under the homicide statute, supra, is to punish the defendant and to deter others from like conduct. The damages are punitive. Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77(20). They are not compensatory. Louis Pizitz Dry Goods Co. v. Yeldell, 213 Ala. 222, 104 So. 526(1). The right to recover therefor is purely statutory. White v. Ward, 157 Ala. 345, 47 So. 166, 18 L.R. A.,N.S., 568.

The award of damages may incidentally benefit the plaintiff, but we do not think such benefit should have been the subject of such undue comment. The defendant was impelled for some reason, favorable to himself, in impressing the jury that plaintiff was the beneficiary. It was error to give these charges, phrased as they were to give unnecessary emphasis to plaintiff's incidental and pecuniary interest in the damages.

■ We note that in both of these charges, supra, the word "fine" is used. This parlance denotes punishment in a criminal case. Such language has no place in a civil suit. Neither party here complains about the legal propriety of such word in the charges. In the absence of such complaint, we pretermit comment with respect to such use, though we do not wish to be understood as approving of language in these charges wherein terminology appropriate to a criminal case is employed in a civil proceeding. Lasseter v. King, 33 Ala.App. 204, 31 So.2d 586(2), cert. den. 249 Ala. 422, 31 So.2d 588.

We come now to assignments of error 35 and 38, which read respectively as follows:

"35. For that the Court erred in overruling and denying Plaintiff's motion for

a new trial set out on page 463 of the transcript herein in that the Court admitted into evidence, over objection of the Plaintiff, a posed photograph, D-fendant's Exhibit No. D (Transcript page 356)."

"38. For that the Court erred in overruling and denying plaintiff's motion for a new trial set out on page 463 of the transcript herein in that the Court admitted into evidence, over objection of the Plaintiff, Defendants' Exhibit No. O, which is a photograph in which a State Trooper was posed therein for the purpose of pointing out and emphasizing certain alleged marks therein. (Transcript page 355)."

These assignments are related, although argued separately in appellant's brief. Both photographs depict State Troopers in uniform pointing to tire marks on the public road where the collision occurred.

 Appellant contends with respect to Photograph Exhibit D, the subject of assignment 35, supra, is objectionable because (1) it is posed; (2) that there was a dispute as to the facts of the accident; (3) that the accident was remote when the photograph was taken; (4) that the State Troopers as shown in the photograph did not see the accident; that almost all they knew about the accident was hearsay which was told to them by the defendant truck driver.

In Wilson v. State, 256 Ala. 12, 53 So.2d 559, a broom appeared in a photograph to indicate where a gun had lain. We said in our opinion with respect to this "posed photograph" as follows:

"* * * It is a well known principle that a photograph of the scene of the crime is admissible in evidence for the purpose of getting a better understanding of the testimony of the witnesses as to what occurred. [Citations omitted.]"

We do not think the holding, supra, can be avoided by asserting that the pro-

nouncement applies only when there is no dispute as to the facts shown in the photograph. In Western Railway of Alabama v. Brown, 280 Ala. 543, 196 So.2d 392, the defendant's testimony disputed plaintiff's evidence that the railroad car in the picture " 'looks just like the same' " passenger car from which she alighted when she was injured, and that " 'It was about the same place on the landing' where she got off the train". This court commented:

"We are of the opinion that the extrinsic evidence was sufficient to show that Exhibit 1 was a substantially true and correct representation of the scene of the accident and was admitted without error. [Citations omitted.]"

The Troopers were merely indicating the locality of some skid marks on the highway at the scene of the accident. The photograph was a part of the official investigation, made within a few days after the accident. The marks were neither arranged nor posed as was the broom in the *Wilson* case, supra.

In Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306, we held that a photograph of a vehicle involved in an accident was properly admitted. The photograph was taken nearly a mile from where the accident occurred.

This court said:

"* * * A photograph that enables the court or jury to have a better understanding of a person, place, object or conditions is generally relevant and admissible for the purpose of explaining and applying the evidence. [Citations omitted.] The photograph here met these requirements and was admissible."

See also 32 C.J.S. Evidence §§ 709-713.

It is a matter for the trial court in the exercise of sound judgment, to determine whether a photograph offered in evidence will aid or tend to confuse or prejudice the

jury. Godwin v. Jerkins, 282 Ala. 11, 208 So.2d 210(3).

Appellant does not here contend that the skid marks pointed out by the officers as shown in the photograph were not made by the two vehicles involved in the collision. Appellant says in his brief that the accident reconstruction expert, a witness for the appellant, went to the scene of the accident a few days after the accident while the markings were still visible on the highway. The evidence was not too remote in point of time.

The fact that the officers appearing in the photograph were not there when the accident occurred would not render the photograph inadmissible. For aught appearing one or both of them investigated the accident in the performance of his duties and interviewed the driver of the truck (a defendant) and obtained knowledge of the condition of the highway and the marks made thereon by the involved vehicles, all within a reasonable time after the accident. We here add that the appellant's statement of facts in his brief is very limited and nothing appears in this statement to show that the officers in the picture did not obtain first-hand knowledge of the markings soon after the collision.

Appellant says in his brief that he " * * * objected to the introduction of Exhibit D [the photograph] on the grounds that the State Troopers were in uniform and that by their posing and pointing to certain alleged marks, this gave undue emphasis to what they were trying to show. * * * "

If we were to accord merit to this contention, every State Trooper who appears as a witness in a traffic case would have to leave off his uniform and appear on the witness stand dressed in conventional clothes lest his dress as an officer give undue emphasis as to what he tries to tell.

The photograph should not have been excluded because officers in the photograph were dressed in uniform or for other asserted reasons, supra.

What we have said applied to photograph Exhibit O, which is the subject of assignment # 38, supra. There was no error in admitting this photograph.

■ Appellant insists, in support of assignment 47 that, according to our decisions, it is a settled rule of jurisprudence that the report of an investigating officer is not admissible in evidence as being hearsay. This seems to be the general rule. Vest v. Gay, 275 Ala. 286, 154 So.2d 297(10); Harvey Ragland Co., Inc. v. Newton, 268 Ala. 192, 105 So.2d 110(5).

■ Contrary to the general rule, the trial court admitted in evidence, over plaintiff's objection, the Alabama State Trooper's accident investigation report. This admission occurred after the plaintiff's witness, Mr. Snyder, who qualified as a reconstruction expert, testified that in forming his opinion as to what happened when the collision took place, he considered the facts appearing in the officer's report. Defendant contended the report was admissible in connection with testimony of Mr. Snyder.

Such admission was attended with the court's oral instruction to the jury that they should consider only facts—physical facts—appearing in the report.

The court further admonished the jury:

" * * * There are also opinions in the report, opinions from state troopers, what they think, or what they speculated on. That is not evidence in the case. Don't consider that part of this report. * * * "

We think that such instructions did not justify the court in admitting the report. It imposed on the jury the duty of casting about in the report, to sift the answers, and to determine therefrom which statement was a fact and which was an opinion. The line of demarcation between facts and

**106**

an opinion is often quite thin and nebulous, leading to confusion and doubt. Admission of the report was error to reverse.

· The judgment of the trial court overruling the motion for a new trial is due to be reversed and the cause remanded. It is so ordered.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

HARWOOD, BLOODWORTH and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN, J., concur in the result.

### On Rehearing

Appellees contend that they were entitled to the affirmative charge with hypothesis which they requested at the end of the trial. They also contend that being entitled thereto, the errors of the trial court about which appellant here complains were without injury to appellants under Supreme Court Rule 45, Title 7, Appendix, Code of Ala.1940, Recomp.1958. Griffin Lumber Co. v. Harper, 252 Ala. 93, 39 So. 2d 399(1); Coe v. Louisville & Nashville Railroad Co., 272 Ala. 115, 130 So.2d 32(2).

According to our review of the evidence, there was at least a scintilla of credible evidence that justified the trial court in submitting the issues to the jury and in denying appellees' request for the affirmative charge.

The application for rehearing is denied.

Opinion extended and application for rehearing denied.

HEFLIN, C. J., and COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.