THOMPSON, Presiding Judge.
 

 On December 4, 2001, Linda Leonard sued John Cunningham seeking damages for injuries sustained when Cunningham’s vehicle collided with Leonard’s vehicle.
 
 [1]
 
 Leonard specifically alleged that Cunningham had negligently caused his vehicle to collide with her vehicle. Cunningham answered, arguing, among other things, that contributory negligence barred Leonard’s recovery.
 

 On August 20, 21, and 22, 2007, following several years of discovery and one mistrial, the case was tried before a jury. At the close of the trial and before the jury retired to deliberate, Leonard moved for a judgment as a matter of law. The trial court denied Leonard’s motion. The trial court subsequently instructed the jury on the governing law, and it declined Leonard’s request to give a jury instruction covering negligence per se. The jury returned a verdict in favor of Cunningham.
 

 On September 20, 2007, Leonard timely filed a renewed motion for a judgment as a matter of law or, in the alternative, a motion for a new trial; that motion was denied by operation of law on December 19, 2007, pursuant to Rule 59.1, Ala. R. Civ. P. On December 21, 2007, Leonard appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 The evidence presented at trial revealed the following pertinent facts. On December 5, 1999, Leonard was traveling on Jay Bird Road in the City of Brighton. As Leonard passed the intersection of Jay Bird Road and 18th Avenue, her vehicle collided with a vehicle driven by Cunningham. Following the accident, Leonard was transported to a nearby hospital for treatment.
 

 Cunningham testified that immediately before his vehicle collided with the vehicle driven by Leonard, he had stopped at a stop sign located at the intersection of Jay
 
 *1183
 
 Bird Road and 18th Avenue. Cunningham testified that he waited in line behind several vehicles stopped in front of him at the stop sign. Cunningham testified that traffic was moving in both directions on Jay Bird Road when he stopped at the stop sign. Cunningham explained that after the other vehicles had turned and he observed a “break in the traffic,” he proceeded to turn off of 18th Avenue onto Jay Bird Road. Cunningham stated that he did not see Leonard, who was approaching from his right, when he pulled out onto the road. Cunningham testified that when he pulled out from the stop sign, Leonard’s vehicle came from his right. Cunningham testified that he was “three quarters through [his] turn [when Leonard] hit [him] a glancing lick.” As a result of the accident, Cunningham sustained damage to the front bumper on the passenger’s side of his vehicle. Photographs of Cunningham’s vehicle were admitted into evidence and reveal minimal damage to the front bumper and headlight on the passenger’s side of his vehicle.
 

 Cunningham testified that immediately after the accident he stopped his vehicle and checked on Leonard. According to Cunningham, Leonard informed him that she was “alright” and did not request medical assistance. Cunningham testified that he was not injured in the accident.
 

 Leonard testified that she had the right-of-way when Cunningham hit her vehicle. Leonard testified on cross-examination that she did not see Cunningham stopped at the stop sign or know if he had stopped at the stop sign because she was “driving straight ahead.” As a result of the accident, Leonard sustained damage to the front driver’s side of her vehicle. Photographs of Leonard’s vehicle taken after the accident were admitted into evidence at trial. Those photographs reveal moderate damage to the front quarter panel and part of the door on the driver’s side of her vehicle.
 

 Leonard testified that she sustained injuries to her leg, arm, back, and neck as a result of the accident. She stated that she did not break any bones but that her whole body ached following the accident. She testified that she had been recently diagnosed with fibromyalgia. On cross-examination, Leonard admitted that she had been treated for right-shoulder pain, right-arm pain, leg pain, neck pain, and back pain before the accident. She testified on cross-examination that she had experienced back pain as recently as three months before the accident.
 

 Isaac Ephraim, an officer with the Brighton Police Department at the time of the accident, testified that he responded to the scene of the accident, investigated the accident, and completed an accident report. Ephraim testified that the accident report reflected that Cunningham ran the stop sign.
 
 [2]
 
 A copy of the accident report was not offered into evidence at trial. According to Ephraim, he did not know if Cunningham had looked to see if traffic was coming or if Cunningham had stopped at the stop sign or had slid through the stop sign because the roads were wet.
 
 [3]
 

 On appeal, Leonard contends that she was entitled to a judgment as a matter of law on her negligence claim and, therefore, that the trial court’s denial of her motion
 
 *1184
 
 for a judgment as a matter of law is due to be reversed. In
 
 Delchamps, Inc. v. Bryant,
 
 738 So.2d 824 (Ala.1999), our supreme court explained the standard of review applicable to a trial court’s ruling on a motion for a judgment as a matter of law:
 

 “When reviewing a ruling on a motion for a [judgment as a matter of law (‘JML’) ], this Court uses the same standard the trial court used initially in granting or denying a JML.
 
 Palm Harbor Homes, Inc. v. Crawford,
 
 689 So.2d 3 (Ala.1997). Regarding questions of fact, the ultimate question is whether the nonmovant has presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution.
 
 Carter v. Henderson,
 
 598 So.2d 1350 (Ala.1992). For actions filed after June 11,1987, the nonmovant must present ‘substantial evidence’ in order to withstand a motion for a JML. See § 12-21-12, Ala.Code 1975;
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989). A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury.
 
 Carter,
 
 598 So.2d at 1353. In reviewing a ruling on a motion for a JML, this Court views the evidence in the light most favorable to the nonmov-ant and entertains such reasonable inferences as the jury would have been free to draw.
 
 Motion Industries, Inc. v. Pate,
 
 678 So.2d 724 (Ala.1996). Regarding a question of law, however, this Court indulges no presumption of correctness as to the trial court’s ruling.
 
 Ricwil, Inc. v. S.L. Pappas & Co.,
 
 599 So.2d 1126 (Ala.1992).”
 

 738 So.2d at 830-31.
 

 “The elements of a negligence claim are a duty, a breach of that duty, causation, and damage.”
 
 Armstrong Bus. Servs., Inc. v. AmSouth Bank,
 
 817 So.2d 665, 679 (Ala.2001). Leonard presented evidence at trial proving each of the elements necessary to establish her claim of negligence. Leonard presented evidence at trial indicating that Cunningham was required to stop before turning onto Jay Bird Road. Leonard, who was not required to stop at the intersection of Jay Bird Road and 18th Avenue and who had the right-of-way, was passing the intersection when Cunningham’s vehicle struck her vehicle. Ephraim, an officer who responded to the scene of the accident, testified that it was reported that Cunningham had run the stop sign. As a result of Cunningham’s actions, Leonard sustained damages to her vehicle and, according to her testimony, sustained injuries to her person.
 

 At trial, Cunningham did not dispute his duty to stop at the stop sign. However, Cunningham testified that he had stopped at the stop sign, had looked both ways, and had proceeded to turn onto Jay Bird Road. Cunningham presented no evidence regarding how he could have struck Leonard’s vehicle under these circumstances. Cunningham did not dispute that Leonard had had the right-of-way, that his vehicle had collided with Leonard’s vehicle, or that the vehicle driven by Leonard had sustained damage as a result of the collision.
 

 Even when this court considers the evidence presented at trial in a light most favorable to Cunningham, as we are required to do,
 
 see Bnjant,
 
 supra, the evidence establishes Leonard’s claim that Cunningham negligently caused his vehicle to collide with Leonard’s vehicle and, therefore, was liable for the damages sustained by Leonard as a result of the accident. Further, the record contains no evidence indicating that Leonard’s actions contributed to cause the accident. Cunningham’s testimony that he stopped at
 
 *1185
 
 the stop sign before turning onto Jay Bird Road, although contradictory to the testimony of Ephraim, was not sufficient to create a factual dispute for resolution by the jury on the issue of negligence.
 

 Given the evidence presented at trial proving Cunningham negligently caused his vehicle to collide with Leonard’s vehicle, the trial court erred in failing to grant Leonard’s motion for a judgment as a matter of law as to her negligence claim. Because the issue of liability is resolved in favor of Leonard, the only issue remaining is the amount of damages due to Leonard as a result of the accident. The trial court’s judgment is reversed, and the cause is remanded for further proceedings to determine the amount of damages. Because we conclude that Leonard was entitled to a judgment as a matter of law, we pretermit consideration of the remaining issues raised by Leonard on appeal.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . Leonard also named Stale Farm Fire and Casualty Company, Cunningham’s insurer, as a defendant; however, the trial court later dismissed the claims against State Farm. Leonard does not appeal the dismissal of the claims against State Farm.
 

 [2]
 

 . The record reveals that Cunningham did not object to Ephraim’s hearsay testimony regarding the content of the accident report. An automobile accident report is inadmissible as hearsay in any criminal or civil trial arising out of an accident. § 32-10-11, Ala.Code 1975;
 
 Nettles v. Bishop,
 
 289 Ala. 100, 266 So.2d 260 (1972).
 

 [3]
 

 . This is the first and only indication in the record that it was raining or had rained on the day of the accident.