33 So.3d 30 (2009)
Allen Forrest PORTER, Jr.
v.
STATE of Alabama.
CR-07-0471.
Court of Criminal Appeals of Alabama.
March 20, 2009.
Rehearing Denied April 10, 2009.
Certiorari Quashed September 11, 2009. Alabama Supreme Court 1080912.
Mari Morrison, Birmingham, for appellant.
Troy King, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
KELLUM, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
WISE, P.J., concurs.
WINDOM, J., concurs in the result.
WELCH, J., dissents, with opinion.
WELCH, Judge, dissenting.
Allen Forrest Porter, Jr., was convicted of one count of attempted trafficking in illegal drugs, a violation of §§ 13A-12-203 and 13A-12-231, Ala.Code 1975. The conviction stemmed from an incident occurring at a Walgreens pharmacy, where Porter was allegedly involved in submitting a illegitimate prescription to the pharmacist. The circuit court sentenced Porter as a habitual felony offender to life imprisonment and ordered Porter to pay the applicable fines.
Porter argued in a motion for a new trial that his counsel was ineffective. The circuit court denied Porter's motion for new a trial, and he appealed. Among Porter's ineffective-assistance-of-counsel claims was the contention that counsel failed to adequately challenge in the motion for a judgment of acquittal the evidence of Porter's identification during the investigation. The unpublished memorandum disposes of this claim and Porter's remaining ineffective-assistance-of-counsel claims by ruling that counsel's decisions at trial were permissible strategy decisions.
I respectfully dissent from the following characterization of counsel's performance as a strategy decision.
*31 Deputy Forester, who arrived at the pharmacy to investigate the offense, walked past an individual he later identified from a photograph as Porter. During the investigation at the scene, Deputy Forester identified Porter as the person he saw leaving the store based on a single photograph shown to him by another investigating officer. Deputy Forester's identification of Porter was introduced at trial through the testimony of another officer, who read Forester's written incident report into evidence. That identification, together with information from the forged prescription, was used to obtain Porter's conviction.
I believe counsel was ineffective. Porter's defense was that he was misidentified as the perpetrator of the crime. Nevertheless, counsel did not move to suppress Deputy Forester's identification of Porter based on Deputy Forester's review of one photograph. This suggestive photographic array, consisting of one photograph, at the very least, should have been challenged to determine if it was impermissibly suggestive. See Blackmon v. State, 487 So.2d 1022 (Ala.Crim.App.1986); Ex parte Johnson, 620 So.2d 709 (Ala.1993). Counsel did not object to Deputy Forester's report being read into evidence on the grounds that it was inadmissible hearsay. See James v. State 723 So.2d 776, 780 (Ala.Crim.App. 1998) ("`"Ordinarily, the reports of investigating officers are not admissible in evidence. Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972); and Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963). See also § 32-10-11, Ala.Code 1975. They are deemed hearsay and do not fall within the `business records' exception to that exclusionary rule. Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599 (1952)."'")
Because identity of the perpetrator was the main issue in the case, I can think of no strategy that would excuse failing to suppress the identification attributed to Deputy Forester. I can think of no strategy that would excuse counsel's allowing the State to bolster the identification of Porter in violation of the rule that prohibits the use of police reports to establish facts in a criminal case. Thus, I do not believe that counsel's omissions can be classified as trial strategy. I believe the trial court erred in denying Porter's motion for a new trial based on this claim of ineffective assistance of counsel.
Based on the above, I would reverse Porter's conviction and remand for a new trial based on his ineffective-assistance-of-counsel claim.