WELCH, Judge,
concurring in part and concurring in the result in part.
I concur in the majority opinion except for Part VILB., in which I concur in the result and write to reiterate the following:
“ ‘ “Ordinarily, the reports of investigating officers are not admissible in evidence. Nettles v. Bishop, 289 Ala. 100, 266 So.2d 260 (1972); and Vest v. Gay, 275 Ala. 286, 154 So.2d 297 (1963). See also § 32-10-11 Ala.Code 1975. They are deemed hearsay and do not fall within the ‘business records’ exception to that exclusionary rule. Pike Taxi Co. v. Patterson, 258 Ala. 508, 63 So.2d 599 (1952). Therefore, to be admissible, that portion of the report sought to be introduced must come within the ambit of some other exception to the hearsay rule.” Dennis v. Scarborough, 360 So.2d 278 (Ala.1978).
[[Image here]]
“ ‘,. The accepted rationale for excluding police reports from the operation of the business records exception is that the statements of bystanders that police officers incorporate within the record are typically not made pursuant to a routine business duty.’ ”
James v. State, 723 So.2d 776, 780 (Ala. Crim.App.1998) (quoting Reeves v. King, 534 So.2d 1107, 1114 (Ala.1988), and citing C. Gamble, McElroy’s Alabama Evidence, § 254.01(7)(d) (5th ed.1996) (emphasis added)).
Here, Chief Bobo’s first statement, discussing what Karen Nicholson told the police dispatcher, was inadmissible hearsay for which I see no applicable exception to the rule against hearsay. Chief Bobo’s second statement, discussing Shanklin’s unsolicited remarks to the officers, would arguably be admissible as Shanklin’s statement against interest, Rule 804(b)(3), Ala. R. Evid. Nevertheless, I do agree with the majority’s analysis finding the admission of those reports to be harmless beyond a reasonable doubt because those reports were cumulative to other lawfully admitted evidence.